**ARMSTRONG CORK COMPANY, Plaintiff,**

**v.**

**NIAGARA MOHAWK POWER CORPORATION, Defendant.**

United States District Court,
S. D. New York.

July 29, 1954.

Lotterman & Tepper, New York City, for plaintiff.

LeBoeuf, Lamb & Leiby, New York City, for defendant.

DAWSON, District Judge.

Plaintiff moves (a) to vacate defendant's notice of June 23, 1954 for the taking of depositions of officers, directors, and persons named therein, with the exception of Hawker, Mitchell, and Simeral, whom it has stipulated to produce for examination; (b) to provide that the depositions, other than those of the aforesaid three individuals, shall take place in the city in which the officer, director, or individual carries on

his business; and (c) providing that any such depositions shall not commence until the completion of the depositions noticed by the plaintiff.

Defendant moves to stay the taking of depositions heretofore noticed by the plaintiff until the completion by defendant of the depositions noticed by it in said notice of June 23, 1954.

It appears that the parties have stipulated that plaintiff may take the depositions of James E. Lanigan and Edwin Gruppe, and that defendant may take the depositions of the aforesaid Hawker, Mitchell, and Simeral.

The deposition of Lanigan was started on June 17, 1954 but was not completed, and is scheduled to resume on September 8, 1954. None of the other depositions has been started.

On June 23, 1954, defendant served the notice of the taking of the depositions of twenty-two officers, directors, and employees of the plaintiff, providing for the taking of their depositions in New York City on October 8, 1954.

On July 6, 1954, plaintiff served a further notice calling for the taking of the depositions on September 9, 1954 of two vice-presidents of the defendant, and for the examination of two additional witnesses.

■ The plaintiff, by serving the first notice, secured priority for the taking of the depositions of Lanigan and Gruppe. The plaintiff has not completed those depositions, but it now seeks to take, in September, the depositions of two vice-presidents of the defendant and of two witnesses. I can see no harm in letting those depositions proceed on the date indicated. However, if all depositions noticed by the plaintiff are not completed by September 30, 1954, the defendant shall be permitted to proceed with the taking of the depositions which it has noticed for October 8, 1954, but limited as hereinafter set forth; and the plaintiff shall not take any further depositions until the defendant has completed such depositions noticed by it,

provided, of course, that defendant proceeds with reasonable dispatch.

The only question remaining is whether plaintiff's motion should be granted vacating defendant's notice of the taking of depositions set for October 8, 1954 of all persons named therein, except Hawker, Mitchell, and Simeral, all of whom it has already stipulated to produce for examination.

Defendant apparently served a "shotgun" notice naming nine officers and six directors of the plaintiff as persons whose depositions it desired to take. It is pointed out by the plaintiff that one of the persons so named is dead, and another has been retired for some time, and none of those noticed has any knowledge of the facts relating to the matters in controversy in the suit. Defendant does not appear to dispute this assertion. The affidavit submitted on behalf of defendant states that the question as to whether these individuals are without knowledge of the facts in controversy "may best be determined by the examination of Hawker, Mitchell, and Simeral" and then continues that: "The others will not be examined unless it reasonably appears that they do, in fact, have knowledge."

■ In the absence of any reasonable belief that the persons have some knowledge of the facts concerning which their testimony is to be taken, there is no reason why they should be compelled to appear en masse for the taking of their depositions in New York. A corporation, for example, cannot be examined by a director who is not shown to be more than the traditional director of an American corporation without administrative responsibility or an active part in the actual conduct of the business on a day-to-day basis. Campbell v. General Motors Corp., D.C.S.D.N.Y.1952, 13 F.R.D. 331.

■ The court should be alert to see that the liberal deposition procedure provided in the Federal Rules is used only for the purpose for which it is intended

and is not used as a litigation tactic to harass the other side or cause it wasteful expense. See "Tactical Use and Abuse of Depositions under the Federal Rules", 59 Yale L.J. 117 (1949).

The motion of plaintiff to vacate defendant's notice of taking of depositions of all persons named therein, except Hawker, Mitchell, and Simeral is granted, without prejudice to the right of defendant to notice depositions of any of the others after the depositions of the above three have been concluded.