**AACON CONTRACTING CO., Inc., Plaintiff,**

v.

**ASSOCIATION OF CATHOLIC TRADE UNIONISTS, Defendant.**

**Civ. No. 19681.**

United States District Court
E. D. New York.
July 23, 1959.

Harold, Luca, Persky & Mozer, New York City, Robert S. Persky, New York City, of counsel, for defendant, for the motion.

Raphael, Searles, Levin & Vischi, New York City, Sidney O. Raphael, New York City, of counsel, for plaintiff, in opposition.

RAYFIEL, District Judge.

This action was brought under Sections 185 and 187 of Title 29 U.S.C.A., to recover damages for acts declared in said latter section to be unlawful, which were committed, induced or encouraged by the defendants, its agents, servants or employees during the years 1958 and 1959. The answer denies generally the allegations of the complaint, with specific denial of paragraph 3 thereof, which alleges, upon information and belief, that "the defendant holds itself out as a labor organization and/or union".

After the joinder of issue the plaintiff served a notice to take the depositions of certain officers of the defendant, and caused subpoenas duces tecum to be served upon them directing them to produce on said examination "all the books and records of Association of Catholic Trade Unionists, including but not limited to the minute book, ledger, payroll book, cash book, accounts receivable and accounts payable book, membership roll with accompanying dues, pension and welfare payments, bankbooks and statements, copies of all pamphlets, books, journals, newspapers, photographs, etc., printed by the Association of Catholic Trade Unionists or by some other party on their behalf, copies of all collective bargaining agreements under which the Association of Catholic Trade Unionists is the bargaining agent, copies of all permits and licenses issued by Local, State and Federal Agencies to the Association for Catholic Trade Unionists; all correspondence between Association of Catholic

Trade Unionists and any newspapers, public or semi-public agencies; communications with any Clergy or any Clerical institutions or schools; all propoganda (sic) material, including any and all memoranda in connection with preparation of such propoganda (sic) material, all letters to and from labor unions."

The defendant has moved

(1) for an order under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., limiting the scope of the depositions to be taken, and

(2) for an order under Rule 45(b) of said Rules, quashing the said subpoenas duces tecum on the ground that they are unreasonable and oppressive.

The defendant argues that it is obvious from the nature and character of the documents demanded in the subpoenas duces tecum that it is the plaintiff's intention, in taking said depositions, to inquire into matters which are not relevant to the cause of action. Manifestly, we cannot anticipate the questions which will be asked on the taking of said depositions. Rule 26(b) of said Rules, which defines the scope of such depositions, provides that the witness or party "may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." In order to prevail herein the plaintiff must establish that the defendant is a labor organization within the meaning of Sections 185 and 187, supra. It is well established that the federal rules for discovery should be construed liberally. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. To circumscribe the range of the proposed depositions to any extent beyond that specifically prescribed by said Rules may deprive the plaintiff of a fair opportunity to adequately prepare for trial. The defendant is not without a remedy against improprieties in the taking of the depositions. If the plaintiff should fail to conform to the Rules in the conduct of said examinations the defendant may have recourse to Rule 30(d) which affords relief from an examination "conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Laverett v. Continental Briar Pipe Co., Inc., D.C., 25 F.Supp. 80, 82; Grinnell Co., Inc. v. National Bank of Far Rockaway, D.C., 2 F.R.D. 116.

There appears to be no doubt, however, that as to some of the items demanded by the plaintiff the subpoenas duces tecum are unreasonable and/or oppressive. It appears, further, from the complaint and the affidavit of plaintiff's President, submitted in opposition to the motion, that some of said items may be privileged, or are not relevant to or required for the establishment of plaintiff's cause of action.

The complaint states that the defendant's alleged unlawful acts were committed in 1958 and 1959. The subpoenas duces tecum seek the defendant's books, records, etc., covering a period of twenty years. The defendant claims that such a demand is manifestly unreasonable and oppressive. I agree. I disagree, however, with its contention that the plaintiffs should be limited to the years 1958 and 1959. The plaintiff should have an opportunity to inspect such records for a reasonable period prior to 1958 for the purpose of ascertaining whether there are any entries therein which may establish or lead to the establishment of the plaintiff's claims. It is my opinion that the three calendar years prior to 1958 would be such a reasonable period.

I conclude that the following items demanded under the subpoena duces tecum are unreasonable, oppressive, patently irrelevant or otherwise objectionable: membership roll or roster, bankbooks and statements, communications with any Clergy or any Clerical institutions, "all propoganda (sic) material including any and all memoranda in connection with preparation of such propoganda," (sic) as

the item is stated in the subpoenas duces tecum, and all correspondence between Association of Catholic Trade Unionists and any newspapers or semi-public agencies.

The motion under Rule 30(b) is denied. The motion under Rule 45(b) is granted to the extent hereinabove indicated; otherwise denied.

Settle order on notice.