**QUONSET REAL ESTATE CORPORA-
TION, Plaintiff,**

v.

**PARAMOUNT FILM DISTRIBUTING
CORPORATION et al., Defendants.**

**BORO REALTY CORPORATION,
Plaintiff,**

v.

**PARAMOUNT FILM DISTRIBUTING
CORPORATION et al., Defendants.**

**Nos. 67 Civ. 3574, 67 Civ. 3576.**

United States District Court,
S. D. New York.

May 15, 1970.

Harry M. Pimstein, New York City, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants. George Berger, New York City, of counsel.

MEMORANDUM

TENNEY, District Judge.

Defendant Metro-Goldwyn-Mayer Inc. (hereinafter referred to as "MGM") moves in the two above-captioned suits for a protective order pursuant to Fed. R. Civ. P. 30(b) directing that the deposition of MGM by William Madden, its General Sales Manager, not be taken on the grounds of oppression and harassment.

Claiming the right to a fair opportunity to exhibit motion pictures in an open market free from preventive ac-

tion, plaintiffs have instituted private antitrust suits for treble damages charging defendants with exerting undue influence and economic pressure in restraint of trade. Specifically, plaintiffs allege, *inter alia,* that the defendants have subjected plaintiffs' theatres to unlawful clearances in licensing feature motion pictures, discriminated against plaintiffs' theatres in matters relating to bidding, film rentals, runs, availabilities, etc., and have unlawfully allocated motion pictures among the exhibitor defendants' theatres.

This action was instituted by the filing of a complaint on September 15, 1967. By operation of the applicable Statute of Limitations, 15 U.S.C. § 15b, the actionable wrong complained of must have occurred not earlier than September 16, 1963.

As a national distributor of motion pictures, MGM engaged in business in the geographic area covering plaintiffs' theatres through its Boston Branch office, known as the Boston Exchange.[1] In 1954 and for some years prior thereto, William Madden was MGM's City Sales Manager in Boston. Mr. Madden acknowledges having met "on routine business" with plaintiffs' representatives *during those years.*[2] From 1954 to 1960, Madden was Philadelphia Branch Manager for MGM, and from 1960 to 1969 served as Midwestern Division Manager, based in Chicago, Illinois.

Madden asserts a lack of relevant information with regard to plaintiffs' business with MGM from 1963 to 1967 and stresses MGM's "very pressing current need" for his "uninterrupted services at the present time and for the foreseeable future."[3] Plaintiffs argue that upon information and belief Mr. Madden's deposition in each action is essential to establish and show an adher-

ence to a pattern of conduct, and intent or purpose with respect to the allegations contained in the complaints.[4]

After a careful review of applicable authority, and cognizant of the liberal construction afforded by the Federal Rules of Civil Procedure when information is sought by way of pre-trial discovery to establish design or pattern to monopolize or intent to conspire in violation of the antitrust laws, I am constrained to deny defendant's motions.

The courts have often permitted discovery of defendants' activities "for a reasonable period" of time antedating the earliest possible date of the actionable wrong complained of in cases of this type. The question, of course, which is always presented is what is a reasonable period under the circumstances. To attempt to fix a uniform period of time would be impractical, since the Court can not say in advance that the questions to be posed will not be relevant to the particular period in question. *Young v. Motion Picture Ass'n of America, Inc.,* 28 F.R.D. 2, 7–8 (D.D.C.1961). Of course, such period can not be extended indefinitely, *Toler v. Paramount Film Distrib. Corp.,* 1 F.R.Serv.2d 34.41, Case 2 (N.D.Cal.1958), but here we are concerned with a period antedating the earliest possible wrong by approximately ten years. While at first blush this period may appear excessive or remote to the conspiracy charged, where intent is a vital element in the allegations the Court is reluctant to deny plaintiff the opportunity to gather evidence of a course of conduct existing over a period of many years which may manifest an intent to monopolize, and which as such would be admissible on trial. *Kansas City Star Co. v. United States,* 240 F.2d 643, 650–651 (8th Cir.), cert. denied, 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d

1. Affid. of George Berger at 2 (dated April 23, 1970); Affid. of William Madden (dated April 27, 1970).

2. Affid. of William Madden at 2 (dated April 27, 1970).

3. *Id.*

4. Affid. of Harry M. Pimstein at 2 (dated April 28, 1970).

242

1438 (1957); see Fed.R.Civ.P. 26(b); Aacon Contracting Co., Inc. v. Association of Catholic Trade Unionists, 175 F.Supp. 659, 661 (E.D.N.Y.1959).

In view of the nature of plaintiffs' suits, Madden's acknowledged connection with plaintiffs' theatres as MGM's City Sales Manager in its Boston Branch office and the fact that the Court is not passing upon the admissibility into evidence of matter uncovered at such deposition but rather upon the breadth of pre-trial discovery, I find Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., Inc., 12 F.R.D. 531 (S.D.N.Y.1952), and Hillside Amusement Co. v. Warner Bros. Pictures, Inc., 7 F.R.D. 260 (S.D.N.Y. 1944) most persuasive. Therein, with due regard to Baush Machine Tool Co. v. Aluminum Co. of America, 72 F.2d 236 (2d Cir.), cert. denied, 293 U.S. 589, 55 S.Ct. 104, 79 L.Ed. 683 (1934), where the Court of Appeals in an action for damages under the Sherman Act held that evidence of the stifling of competition was admissible on trial even though such action occurred long before the injury complained of, Judges Dimock and Rifkind, in *Caldwell* and *Hillside,* respectively, permitted discovery of matter antedating the earliest possible wrong complained of by periods exceeding that involved in the instant suit.

There can undoubtedly be found cases in which courts have restricted discovery to periods antedating the injury by substantially less than the period involved herein. Compare Unison Realty Corp. v. RKO Theatres, Inc., 5 F.R.Serv.2d 33.-321, Case 2 (S.D.N.Y.1962), and Klein v. Lionel Corp., 130 F.Supp. 725 (D.Del. 1955) with Stanzler v. Loew's Theatre & Realty Corp., 19 F.R.D. 286 (D.R.I. 1955). But with due regard to these holdings, I can not so restrict the plaintiff herein.

The Court is, of course, not unmindful of the fact that the liberal deposition procedure provided in the Federal Rules is often used not for the purpose for which it is intended, but rather as a litigation tactic to harass opponents and cause them wasteful expense in the hope of obtaining favorable settlements. Armstrong Cork Co. v. Niagara Mohawk Power Corp., 16 F.R.D. 389, 390–391 (S.D.N.Y.1954). Although there is no evidence that such is plaintiffs' purpose, and the Court intends no such inference, should the examination sought by plaintiffs be conducted in bad faith or become unnecessarily long or oppressive, I would expect defendant MGM to seek a protective order under Fed.R.Civ.P. 30 (d) terminating such deposition or limiting its scope.

Accordingly, and for the foregoing reasons, defendant MGM's motions are denied.

So ordered.