**FEDERAL TRADE COMMISSION, Plaintiff,**

v.

**LUKENS STEEL COMPANY et al., Defendants.**

**Civ. A. No. 74–926.**

United States District Court, District of Columbia.

Feb. 17, 1977.

---

Joseph J. Gercke, R. Baylor Rowe, P. Abbott McCartney and Joseph B. Pritti, Washington, D. C., for plaintiff.

Dominic B. King, William J. McKim, Phillip J. Sheehe, Pittsburgh, Pa., for U. S. Steel.

## MEMORANDUM

GASCH, District Judge.

This action for civil penalties and equitable relief for violation of a Federal Trade Commission (hereinafter "FTC") cease and desist order is now before the Court on the motion of plaintiff, the FTC, to compel the production of about 60 documents, brought pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Defendant United States Steel Corporation objects to the production of these documents on the grounds of relevancy and the attorney-client privilege.

## RELEVANCY

Defendant United States Steel Corporation objects to the production of any documents dated prior to January 1, 1968, on several grounds, all of which essentially pertain to the relevancy of these documents. Defendant Corporation claims that documents dated prior to January 1, 1968, are too far removed in time to be reasonably calculated to lead to the discovery of admissible evidence and that, since the applicable statute of limitations precludes recovery for any violations occurring more than five years prior to the date this suit was instituted, June 18, 1974, its January 1, 1968 cut-off date gives plaintiff a period of a year and a half prior to the statutory period of limitations to show a violation running into the period of limitations. United States Steel Corporation also points out that the FTC has investigated the subject matter of the instant action on several occasions from 1955 to 1964, without any suit being instituted, and claims that it should not be subjected to repeated investigations and discovery into this period. These objections to the production of the documents sought by the FTC are not well-taken.

The discovery rules should normally be liberally construed to permit discovery in antitrust cases. The courts have, as a result, frequently permitted discovery of information or documents relatively remote in time and in periods prior to the time when recovery may be had. *E. g., Kansas City Star Co. v. United States*, 240 F.2d 643 (8th Cir.) *cert. denied*, 354 U.S. 923, 77 S.Ct. 1381, 1 L.Ed.2d 1438 (1957); *Natcontainer Corp. v. Continental Can Co.*, 362 F.Supp. 1094 (S.D.N.Y.1973); *Quonset Real Estate Corp. v. Paramount Distributing Corp.*, 50 F.R.D. 240 (S.D.N.Y.1970); *Magee v. Carvehicle Corp.*, 7 F.R.Serv.2d 33.353, Case 1 (E.D.N.Y.1963); *Toler v. Paramount Film Distributing Corp.*, 1 F.R. Serv.2d 34.41, Case 2 (N.D.Cal.1958); *Erone Corp. v. Skouras Theatres Company*, 22 F.R.D. 494 (S.D.N.Y.1958). Such discovery has been permitted where, as here, a conspiracy to violate the antitrust laws is alleged, on the ground that it may lead to the discovery of admissible evidence of design, pattern or intent. *See Quonset Real Estate Corp. v. Paramount Film Distributing Corp., supra; Toler v. Paramount Film Distributing Corp., supra. See, also Natcontainer Corp. v. Continental Can Co., supra; Erone Corp. v. Skouras Theatres Corporation, supra.* Thus, in the instant case, documents dated prior to January 1, 1968, are relevant in that they may lead to the discovery of admissible evidence of design, pattern or intent. Defendant United States Steel Corporation's contentions that because of the statute of limitations violations occurring prior to this date would not be actionable and that the January 1, 1968 cut-off date gives the FTC a period of a year and a half prior to the period of limitations to show violations running into the statutory period ignore this fact.

While defendant Corporation claims that the subject matter of the instant action has been previously investigated by the FTC

from 1955 to 1964, the FTC has represented that the documents it now seeks were not obtained during these previous investigations. Defendant does not dispute this. Thus, while the subject matter of this action may have been investigated before, defendant is not being subjected to repeated discovery of the same documents. In addition, the fact that plaintiff may have previously investigated the subject matter of the instant action from 1955 to 1964 is not particularly relevant to plaintiff's request for 1965, 1966, and 1967 documents.

There is one additional factor in the instant case. Defendant Corporation has produced several documents dated prior to January 1, 1968, yet it now objects to the production of other documents dated prior to January 1, 1968. Such selective production of pre-1968 documents certainly undercuts the strength of its objections to the production of pre-1968 documents.

 The Court is not unmindful of the fact that defendant Corporation should not be subjected to discovery of documents from unreasonably remote time periods. *See Erone Corp. v. Skouras Theatres Corp., supra; Quonset Real Estate v. Paramount Film Distributing Corp., supra; Natcontainer Corp. v. Continental Can Co., supra.* In the instant case, none of the documents the FTC seeks are dated prior to 1962. These documents which, at the most, antedate the institution of this action by twelve and a half years and the period of limitations by seven and a half years are not unreasonably or extremely remote in time. Thus, the discovery plaintiff seeks is limited to a reasonable period and will not be unduly burdensome to defendant Corporation. *See Erone Corp. v. Skouras Theatres Corp., supra; Natcontainer Corp. v. Continental Can Co., supra.* These documents must, therefore, be produced, except to the extent that they are protected by the attorney-client privilege.

## ATTORNEY–CLIENT PRIVILEGE

Defendant Corporation also objects to the production of six of the documents [1] sought by the FTC on the ground that these six documents are protected by the attorney-client privilege. These documents are letters or memoranda exchanged by the Corporation's counsel and various corporate employees. Defendant has supplied this Court with information as to the duties and positions of the recipients and senders of the memoranda or letters and a summary of their contents. The documents have been submitted to the Court, at its request, for *in camera* inspection.

 The attorney-client privilege has been described in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.Mass.1950), as follows:

The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.* at 358–59. The party seeking the benefit of the privilege has the burden of demonstrating its applicability. *Honeywell, Inc. v. Piper Aircraft Corp.*, 50 F.R.D. 117 (M.D.Pa.1970).[2] The FTC contends that defendant has failed to carry its burden in two respects and, in the alternative, that the privilege has been waived.

 The FTC claims that defendant has failed to meet its burden in that it has not disclosed whether persons other than those

---

1. These documents have been identified as documents 2(a)(2), 3(2), 3(4), 3(6), 3(7) and 3(15).

2. A corporation may, of course, raise the attorney-client privilege. *See Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970).

listed as recipients of the documents had knowledge of them. Defendant's counsel has represented to the Court that it is the usual practice in the Corporation for letters to be circulated only as indicated by the sender and that, to the best of counsel's knowledge, this practice was followed in connection with the subject documents.[3] This is sufficient, in the circumstances of this case, to establish that only those persons listed as recipients had knowledge of the documents.

The FTC's second contention is that defendant has not met its burden in demonstrating the applicability of the privilege in that it has failed to establish that those persons listed as recipients of the documents were persons who could act on the Corporation's behalf as the client for purposes of the attorney-client privilege. Plaintiff relies on the "control group" test. Under this test, only persons who have the authority to control or substantially participate in a decision regarding action to be taken on the attorney's advice or is a member of a group with such authority act as the client on the corporation's behalf for purposes of the attorney-client privilege. *Natta v. Hogan*, 392 F.2d 686 (10th Cir. 1968); *Honeywell, Inc. v. Piper Aircraft Corp., supra.*[4] On the basis of the information supplied by defendant, the Court is of the opinion that defendant has carried its burden in this respect. Most of the persons who sent or received the documents were executive officers of the Corporation. The attorneys who sent or received these documents were commercial lawyers in the defendant's Law Department and sent or received these documents in the course of rendering legal advice to the Corporation. Defendant has represented that the other persons who sent or received these documents were involved in developing the policies based on the legal advice and that they had responsibilities for the subject matter of the communications.

The FTC further contends that even if the privilege were applicable, defendant has waived the privilege by having already produced several documents which involve the same attorneys and pertain to the same subject matter as the instant documents. The FTC has submitted several of these documents upon which it bases its waiver contention. As the FTC aptly points out, the defendant cannot engage in such selective disclosure of documents. However, having examined the documents submitted by the FTC and the documents submitted by defendant, the Court is of the opinion that these documents do not pertain to the same subject matter and that there has been no waiver of the privilege.

---

3. *See* letter of William J. McKim, counsel for United States Steel Corporation, dated January 14, 1977.

4. Defendant notes that the Seventh Circuit has adopted a more liberal rule than the "control group" test in *Harper & Row Publishers, Inc. v. Decker*, 423 F.2d 487 (7th Cir. 1970). Since

defendants have met their burden under the more restrictive "control group" test, the Court does not reach the question of whether the test enunciated in *Harper & Row Publishers, Inc. v. Decker, supra*, should be applied in the instant case.