EMPIRE VOLKSWAGEN, INC., Empire Volkswagen, Inc. d/b/a Empire Porsche Audi, Inc., Empire City Motors, Inc., Donald Amerling and Susanne Properties Corp., Plaintiffs,

v.

WORLD–WIDE VOLKSWAGEN CORP., Defendants.

No. 81 Civ. 5038–CLB.

United States District Court, S. D. New York.

Sept. 14, 1982.

Robinson, Perlman, Kirschner & Leffler, P.C., New York City, for plaintiffs.

Gruber & Gruber, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendant World-Wide Volkswagen Corp. (World-Wide) objects to and appeals from an order of Hon. Joel J. Tyler, United States Magistrate, dated June 15, 1982, to the extent that the order (1) permits discovery relating to any time prior to January 1, 1977; and (2) permits discovery with respect to certain motor vehicle allocation and financial data regarding two automobile dealers wholly-owned by the defendant.

In this action filed on September 22, 1981, plaintiff Empire Volkswagen, Inc. formerly a franchised retailer of automobiles, seeks damages from its distributor or wholesaler under the Dealers Day in Court Act, 15

U.S.C. § 1222, *et seq.,* the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 14 and 15, and various New York statutory and common law theories. Plaintiff became a Volkswagen dealer in September of 1975. In May of 1977 plaintiff also accepted a Ford dealer franchise. The dual dealership ceased operation in February of 1981. Plaintiff alleges that defendant objected to the dual dealership, and for that reason employed coercive tactics, including discriminatory allocation of automobiles, to destroy plaintiff's business.

In pre-trial conference defendant agreed to provide data concerning dealings it had with the plaintiff from the inception of the dealership in 1975, but refused to furnish any information prior to January 1, 1977 concerning the number of cars defendants had available for distribution, its method of allocation and its treatment of other dealers. The issue was referred to Magistrate Tyler for resolution.

At the same conference defendant agreed to provide plaintiff with allocation and financial data concerning fifty dealers from its various sales groups. However plaintiff and defendant could not agree on whether this group should include two dealerships wholly-owned by the defendant, Queensboro Volkswagen, Inc., and Porsche Audi of Manhattan, Inc. This matter was also referred to Magistrate Tyler for resolution.

On June 15, 1982 Magistrate Tyler issued an order, familiarity with which is assumed. This Order in part directed defendant to respond to plaintiff's interrogatories and document request from January 1, 1975 and to discover data concerning the two wholly-owned retail subsidiaries. Plaintiff appeals from and objects to those portions of the Magistrate's Order.

Section 636(b)(1)(A) of 28 U.S.C. authorizes a district court to designate a magistrate to hear and determine pre-trial matters. Pursuant to this statute, decisions of a magistrate, made as a result of such a designation, should be reversed or modified by the district judge only when shown to be "clearly erroneous and contrary to law." *Id. See Merritt v. International Brother-*

*hood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981).

In resolving discovery disputes, any judicial officer, including a magistrate, has broad discretion, and his exercise of this discretion will be overturned only if it is abused. *Citicorp v. Interbank Card Ass'n.,* 478 F.Supp. 756, 765 (S.D.N.Y.1979); *Sherrel Perfumes, Inc. v. Revlon, Inc.,* 77 F.R.D. 705 (S.D.N.Y.1977). A litigant who seeks to overturn a magistrate's discovery order "bears a heavy burden." *Citicorp v. Interbank Card Ass'n., supra,* at 765. Defendants in this case have not met this burden.

Defendants argue that it is patently unreasonable, and therefore "clearly erroneous," to permit discovery prior to January 1, 1977. That argument is rejected. The applicable statute of limitations, 15 U.S.C. § 1223, is three years and would therefore bar any statutory claims prior to September 1977. However, discovery in antitrust cases "routinely goes beyond the statutory period," *Maritime Cinema Services Corp. v. Movies en Route,* 60 F.R.D. 587, 591 (S.D.N.Y.1973), and plaintiff is permitted to discover defendant's activities " 'for a reasonable period' of time antedating the earliest possible date of the actionable wrong." *Quonset Real Estate Corp. v. Paramount Film Distr. Corp.,* 50 F.R.D. 240, 241 (S.D.N.Y.1970).

The discovery period permitted by Magistrate Tyler is well within reason. Plaintiff became a Ford dealer in May of 1977 and alleges that defendant began to discriminate against it soon thereafter. Information concerning defendant's distribution practices with respect to plaintiff *and* other dealers will permit plaintiff to compare its allocations of automobiles and related dealings with defendant with those of others. This is essential if plaintiff is to establish its claim. Moreover, the automobile market is characterized by seasonal and yearly fluctuations. Accordingly, plaintiff should be permitted to review information for a period preceding the creation of its dealership in order to present a full picture of defendant's conduct.

Defendant also argues that the two dealerships wholly-owned by it (Queensboro Volkswagen, Inc. and Porsche Audi of Manhattan, Inc.) should be excluded from the group of fifty dealers about whom the plaintiff may obtain information. The thrust of defendant's argument is that the two are not dual dealerships and are not in competition with the plaintiff. These arguments are unpersuasive. Any absence of competition between these two dealerships and the plaintiff should not preclude an investigation of defendant's allocation practices with respect to them. Evidence of discrimination may be established by comparing the way defendant treated plaintiff with the way it treated its own dealers. *Erone Corp. v. Skouras Theatres Corporation,* 22 F.R.D. 494, 499 (S.D.N.Y.1958). As Magistrate Tyler pointed out, defendant may have allotted a disproportionate number of automobiles to its own dealers; such action might be relevant to the antitrust causes of action. The two wholly-owned dealers were therefore properly included in the discoverable group of dealers.

For the foregoing reasons the Order of Magistrate Tyler is affirmed in all respects.

So Ordered.