LITTON INDUSTRIES, INC., Plaintiff,

v.

LEHMAN BROTHERS KUHN LOEB INC., Dennis Levine, Ira B. Sokolow, Robert M. Wilkis, Bank Leu International, Ltd., Bank Leu A.G., Bernard Meier, John R. Lademann, Bruno Pletscher, Jean–Pierre Fraysse, Christian Schlatter, John Doe, Jane Doe and John Doe, Inc., Defendants.

No. 86 Civ. 6447 (JMC).

United States District Court, S.D. New York.

Feb. 16, 1989.

See also 122 F.R.D. 433.

Myerson Kuhn & Sterrett by Harvey A. Levin, New York City, for plaintiff.

Fried, Frank, Harris, Shriver & Jacobsen by Henry A. Hubschman, Washington, D.C., for defendants Bank Leu A.G., Leu Trust and Banking (Bahamas) Ltd., John R. Lademann, Bruno Pletscher and Christian Schlatter.

Willkie Farr & Gallagher by Jeanne Luboja, Jonathan P. Wolfert, New York City, for defendant Lehman Bros. Kuhn Loeb Inc.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Plaintiff's objections to the magistrate's orders of January 3rd and 10th and February 1st are dismissed. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a).

## BACKGROUND

Plaintiff Litton Industries, Inc. ["Litton"], commenced this action by the filing of a summons and complaint on August 19, 1986. The complaint was amended on September 25, 1986, and again on July 7, 1987. The second amended complaint asserts claims for damages based, *inter alia*, on defendants' alleged violations of federal and state securities laws.

The second amended complaint alleges that defendants, other than Lehman Broth-ers, based on their inside knowledge of Litton's plans to acquire Itek Corporation ["Itek"], purchased, on the open market, over 60,000 shares of Itek common stock. The complaint further alleges that defendants' trading caused Litton to pay $30 million more to acquire Itek than it would have absent their trading.

The action was assigned to Magistrate Nina Gershon for purposes of supervising discovery. Magistrate Gershon, at a status conference on November 9, 1988, issued a scheduling order setting February 15, 1989 as the date by which all fact discovery was to be completed. Expert discovery was to be conducted during March and April. In addition, a settlement conference was scheduled for December 13, 1988. Settlement conferences were held on December 13 and 14, 1988, but the parties were unable to resolve the action. Magistrate Gershon, however, stated that, in her view, the most significant impediment to settlement appeared to be the parties differing opinions as to Litton's ability to prove causation and damages. Magistrate Gershon, therefore, suggested that Dr. Grossman, Litton's expert witness on the issue of damages, should be deposed as soon as possible rather than in March and April as previously scheduled.

The issue of advancing the date of Dr. Grossman's deposition was raised for a second time at a status conference held before the magistrate on December 22, 1988. At that conference Litton complained that advancing the date of Dr. Grossman's deposition was unfair as the deposition dates of defendants' experts were not being advanced as well. Defendants agreed to advance the dates for deposing Professor Fischel and Professor Hausman, their central experts on the issue of damages. Magistrate Gershon instructed the parties to agree on new dates for the depositions or to report to her immediately if they were unable to do so. Thereafter, Litton informed the magistrate that it would not agree to make Dr. Grossman available at an earlier date.

On January 3, 1989, Magistrate Gershon issued an order amending the November

9th scheduling order and directing the parties to report the new dates of the depositions at the conference scheduled for January 10th. Litton, upon learning of the order, wrote to Magistrate Gershon objecting to the acceleration of Dr. Grossman's deposition. At a hearing held before the magistrate on January 10th, Litton argued that advancing the date of Dr. Grossman's deposition would prejudice it in its trial preparation and presentation. In addition, Litton claimed that it would be prejudiced by having to present the entirety of its expert case on damages while defendants were being allowed to withhold five of their seven experts for deposition at a later date. Defendants, on the other hand, agreed that the dates for the depositions should be accelerated. Defendants argued that not only would earlier depositions promote settlement but, in addition, depending on what was learned during Dr. Grossman's deposition a substantial number of depositions would not be needed at all.

At the conclusion of the arguments, Magistrate Gershon found that accelerating the date of the depositions was necessary "[n]ot only to facilitate settlement, but to discourage wasteful pretrial activities, which certainly discovery, fact expert discovery, would be if it turned out that expert discovery would lead to a settlement." *See* Affidavit of Jeanne M. Luboja, Exh. G at 15, 86 Civ. 6447 (JMC) (S.D.N.Y. Jan. 23, 1989). Magistrate Gershon then directed the parties to indicate, on the record, new dates for the depositions. Litton, however, informed the magistrate that Dr. Grossman would only be available on the originally scheduled dates in March and April. Magistrate Gershon, therefore, ordered that Dr. Grossman's deposition be taken during the week of January 23rd. The magistrate further ordered that the depositions of Professors Fischel and Hausman be taken in the two weeks following Dr. Grossman's deposition. In addition, Litton was directed to inform defendants, by January 13th, whether Dr. Grossman would be available to begin his deposition on Monday, January 23rd or Tuesday, January 24th.

Litton failed to inform defendants of Dr. Grossman's availability. On January 13th, Litton filed a notice of motion with the Court objecting to the magistrate's orders advancing the date of Dr. Grossman's deposition. Moreover, Litton informed defendants that Dr. Grossman would not be produced for deposition on either January 23rd or 24th. On January 24th, defendants filed a notice of motion, before Magistrate Gershon, seeking sanctions for Litton's failure to comply with the magistrate's orders. On February 1, 1989, Magistrate Gershon held a hearing on the motion for sanctions. After hearing arguments from both sides, Magistrate Gershon found that Litton's motion to the Court objecting to the January 3rd and 10th Orders had not stayed Litton's obligations under those orders. In addition, Magistrate Gershon found that Litton, without legal justification, had failed to comply with the January 3rd and 10th Orders. Magistrate Gershon, however, deferred ruling on defendants' request for sanctions and ordered Litton to produce Dr. Grossman for deposition on February 10, 1989.

Magistrate Gershon expressly informed Litton that in the absence of a stay the deposition would have to go forward. Thereafter, Litton, by an *ex parte* order to show cause, sought a stay of the magistrate's February 1st Order. United States District Judge Leonard B. Sand, acting in his capacity as Part I Judge, adjourned the deposition of Dr. Grossman to February 21st unless the Court, in deciding the motion on the merits, held otherwise. Finally, Litton has filed a motion with the Court objecting to the magistrate's February 1st Order.

## DISCUSSION

Appeals from decisions of magistrates are subject to the clearly erroneous standard of review. 28 U.S.C. § 636(b)(1)(A). In the past, the Court has held that "in resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Citicorp v. Interbank Card Ass'n*, 478 F.Supp. 756, 765 (S.D.N.Y.1979); *see also Detection System, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982) (citing *Citicorp,*

478 F.Supp. at 765); *Empire Volkswagen, Inc. v. World–Wide Volkswagen,* 95 F.R.D. 398, 399 (S.D.N.Y.1982) (same).

■ The Local Rules for the Southern District of New York provide that "[m]agistrates may make and modify for good cause shown, scheduling orders pursuant to Federal Rules of Civil Procedure 16(b) in any case referred to them by a judge." Local Magistrates Rules, R. 15. Litton argues that Magistrate Gershon abused her discretion by amending the November 9th scheduling order without good cause. Litton contends that the sole purpose behind the magistrate's orders was to coerce Litton into settling the action. Litton argues further that it will suffer undue prejudice in its "deposition preparation process" if Dr. Grossman's deposition is allowed to be expedited. The Court finds nothing erroneous in Magistrate Gershon's decisions and they are affirmed.

Magistrate Gershon specifically found that expediting the depositions of Dr. Grossman and defendants' two central witnesses on damages would fulfill the purposes of Rule 16 of the Federal Rules of Civil Procedure by (1) expediting the disposition of the litigation; (2) establishing case control so as to avoid protracting the litigation through lack of management; (3) discouraging wasteful pretrial activities; and (4) facilitating settlement of the case. Furthermore, Magistrate Gershon did not ignore Litton's complaints of ensuing prejudice, but rather, found them to be without merit. The Court agrees.

The question of whether Litton did in fact suffer damages as a result of defendants' insider trading is crucial to this action. A prompt deposition of Dr. Grossman, therefore, would necessarily aid the parties and the Court in delineating the issues to be resolved at trial. *See, e.g., Billard v. Rockwell Int'l Corp.,* 85 F.R.D. 662 (S.D.N.Y.1980). Moreover, it should be noted that discovery has been proceeding for over two years and the question of damages is one of the last issues remaining to be dealt with. More importantly, the record is clear that the need for at least 18 depositions may well be obviated by Dr. Grossman's testimony at a deposition.

Equally unpersuasive is Litton's argument that advancing Dr. Grossman's deposition would prejudice it in its "deposition preparation process." Litton, essentially, is arguing that Dr. Grossman has not yet completed his work and, therefore, deposing him now would be premature. Litton claims that Dr. Grossman has been unable to finish his work as defendants' have not completed certain third party discovery. If that were true, however, Litton should have conducted the necessary discovery itself. Moreover, while the possibility of a second deposition of Dr. Grossman due to his inability to fully answer questions is troublesome to the Court, Dr. Grossman has admittedly completed over 2,000 hours of preparation for his deposition. Dr. Grossman, therefore, should be able to articulate his theory, and its basis, concerning Litton's damages and its alleged cause. Thus, defendants would bear the brunt of any subsequent prejudice as a result of a change in Dr. Grossman's opinion due to his failure to complete his preparation.

■ Finally, Litton's argument that the sole purpose of the acceleration was to coerce a settlement is without merit. While the Court agrees that pressure tactics designed to coerce a party into settling its claim are impermissible, *see Kothe v. Smith,* 771 F.2d 667 (2d Cir.1985); *Del Rio v. Northern Blower Co.,* 574 F.2d 23 (1st Cir.1978); *Padovani v. Bruchhausen,* 293 F.2d 546 (2d Cir.1961), advancing the date of Dr. Grossman's deposition does not rise to the level of a pressure tactic. The record is devoid of any evidence to substantiate Litton's claim that Magistrate Gershon is attempting to force it to settle the action. The settlement conferences were held with the consent of all the parties and Magistrate Gershon at no time indicated that Litton should or must settle the action. Litton remains free, even after the deposition of Dr. Grossman, to reject any settlement offers and proceed to trial.

■ One last issue remains to be resolved. Litton argues that filing a notice of motion with the Court objecting to a

 

magistrate's order serves to stay the effect of the magistrate's decision. The only authority proffered for this proposition is Moore's *Federal Practice*, a well respected treatise on federal practice and procedure. As pointed out by Magistrate Gershon, however, Professor Moore cites no authority for the proposition that objecting to a magistrate's order automatically stays the effect of the order. Furthermore, as detailed in Magistrate Gershon's thorough and well reasoned opinion, Professor Moore's view contradicts judicial authority in the Second Circuit and has no basis in the Magistrate's Act, the Federal Rules of Civil Procedure or the Local Rules of the Southern District. *See* Opposition of Bank Leu A.G., Exh. 2 at 48–54, 86 Civ. 6447 (JMC) (S.D.N.Y. Feb. 13, 1989). Furthermore, allowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but, would grind the magistrate system to halt. *Id.* at 53. For the reasons stated in Magistrate Gershon's oral order of February 1, 1989, therefore, the Court finds that Litton's motion objecting to the magistrate's orders did not stay Litton's obligations under those orders.

The Court has considered defendants Bank Leu A.G., Leu Trust and Banking (Bahamas) Limited, John R. Lademann, Bruno Pletscher and Christian Schlatter ["Bank Leu defendants"] motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and finds they are not warranted.

### CONCLUSION

Plaintiff's objections to Magistrate Gershon's January 3rd, January 10th and February 1st Orders are dismissed. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Dr. Grossman's deposition is ordered for Monday, February 27, 1989.[1] The depositions of Professor Fischel and Professor Hausman are ordered for the weeks of March 6, 1989 and March 13, 1989, as may be arranged by the parties. No extensions of these dates will be allowed. Defendants' motion for sanctions is denied. Fed.R.Civ.P. 11.

SO ORDERED.

---

[1]. Henry A. Hubschman, Esq., counsel for the Bank Leu defendants, has informed the Court that their expert, whose presence is required at the deposition, is not available the week of February 21st. Mr. Hubschman has further represented to the Court that all of the defendants are available to depose Dr. Grossman on February 27th. The Court, therefore, has agreed to adjourn the deposition of Dr. Grossman for one week.