**Herbert C. WHITE, Plaintiff,**

v.

**BURT ENTERPRISES Dba Burt Ford, a corporation doing business in the State of Colorado, Defendant.**

**No. CIV.A. 99–D–968.**

United States District Court, D. Colorado.

June 12, 2000.

John Mosby, Denver, CO, Robert R. Rose, III, Rose & Rose, P.C., Cheyenne, WY, Marilyn Cain Gordon, Washington, D.C., for Herbert C. White.

James M. Dieterich, Frank D. Sledge, White & Steele, P.C., Denver, CO, Burt Enterprises, LGC Management, Inc., Burt Arapahoe, Ford, Inc.

Michael J. Dommermuth, McGloin, Davenport, Severson & Snow, P.C., Denver, CO, for Rich Derr.

June Baker Laird, McElroy, Deutsch & Mulvaney, Denver, CO, for Greg Brandt.

### DISCOVERY AND SANCTIONS ORDER

COAN, United States Magistrate Judge.

In this employment discrimination case, all pending discovery motions were heard on June 7, 2000, including Plaintiff's Motion to Compel Second and Third Requests for Production [docket entry # 51 filed on 4/7/00]. Many of the requests in plaintiff's motion were the same as those previously ruled upon on February 1, 2000 when the court considered plaintiff's first motion to compel. *See* Minutes February 1, 2000.

At the hearing on June 7, 2000, defendant stated that there were no documents respon-

sive to four of the requests. As justification for its failure to respond to the remaining subject discovery requests (*see* requests for production attached as Exhibit 2 to Plaintiff's Motion to Compel), defense counsel stated either that he had no excuse for not producing the documents requested or that defendant's filing of Rule 72 objections to my February 1, 2000 orders precluded any further responsibility to produce the subject documents.

Defendant did not produce a privilege log or file any motions for protective orders with respect to plaintiff's discovery requests. Further, defendant has not produced any authority in support of its position that the filing of Rule 72 objections stays the production order; and, defendant has not filed a motion for stay of the court's orders pending ruling on the Rule 72 objections.

The issue is whether the filing of Rule 72 objections to a magistrate judge's discovery order stays a magistrate judge's discovery order compelling production or is otherwise substantial justification for refusing to provide discovery as ordered.

### Analysis

Although there appears to be a dearth of Tenth Circuit case law, two judges in one district within the Circuit have addressed the issue. In *National Excess Insurance Co. v. Civerolo, et al*, 139 F.R.D. 401 (D.N.M.1991), the court upheld a contempt order entered against a party who had refused to comply with a magistrate judge's discovery order[1] on the ground that Rule 72 objections to the order were pending. The court said

Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process. Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

In light of these considerations, the question now before the Court is simple. Given the law and facts discussed above, and indulging every doubt in favor of the plaintiff, can this Court say under any circumstances that the Magistrate Judge's Order of July 1, 1991 is clearly erroneous or contrary to law? The answer is patently obvious—and should have been so to the plaintiff before it filed this objection. The plaintiff willfully disobeyed an order made on behalf of this Court by the Magistrate Judge. It put the parties and the Court to extra expense. These tactics delayed the production of six discoverable documents for more than one and one half years—in defiance of two Magistrate Judge's orders. The contempt citation will stand.

*National Excess*, 139 F.R.D. at 404.

Later, the chief judge in the District of New Mexico followed his colleague's reasoning and agreed with *Moore's Federal Practice*, stating

Many jurisdictions' local rules mandate that objections do not stay a party's duty to comply with the discovery order. The rationale for such rules is sound: Such an interpretation is more consistent with the Magistrate's Act's goals of facilitating the quick and final resolution of referred pretrial matters. If an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision-making ability is eroded. It should be remembered that the magistrate is empowered to "determine" nondispositive pretrial matters. A magistrate's order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the magistrate's order to the status of a recommendation where an objection is raised. 7(Part 2) James W. Moore et al., *Moore's Federal Practice* ¶ 72.03[6.–12] at 72–53 to –54 (2d ed.1991). This reasoning comports with the principle that a party is not entitled to disobey court orders even if later proven erroneous. *McDonald v.*

---

1. In that case, the magistrate judge ordered production of discovery and further ordered that his

order would not be stayed pending Rule 72 appeal.

*Head Crim. Ct. Sup. Officer,* 850 F.2d 121, 124 (2d Cir.1988).

*L.D. Williams v. Texaco, Inc.,* 165 B.R. 662, 673 (D.N.M.1994); *see* also, *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.,* 124 F.R.D. 75, 78–79 (S.D.N.Y.1989)(filing Rule 72(a) objections to an order by a magistrate judge does not operate to automatically stay the magistrate judge's order).

The court notes that defendant's position here has no basis in the Magistrate's Act, the Federal Rules of Civil Procedure, or the Local Rules of Practice for the District of Colorado. Further, the court agrees with the rationale expressed by the court in *Litton Indust., Inc.*, that "allowing the automatic stay of magistrate's orders [when objections are filed] would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." *Litton Indust., Inc.*, 124 F.R.D. at 79 (internal citation omitted). Accordingly, the court finds that defendant's filing of Rule 72(a) objections did not relieve it of its obligation to comply with the court's February 1, 2000 discovery orders. Defendant's position was not substantially justified under Rule 37, Fed.R.Civ.P. and the imposition of sanctions in the form of attorney fees and costs incurred in connection with plaintiff's motion to compel is warranted.

### Orders

It is hereby

**ORDERED** that Plaintiff's Motion to Compel Second and Third Requests for Production [docket entry # 51 filed on 4/7/00] is **GRANTED** in part and **DENIED** in part. It is **DENIED** as to Plaintiff's Request for Production Items # 1, 4, 15 and 16 and GRANTED as to Plaintiff's Request for Production Items # 2, 3, 5, 6 and 8; Items # 10, 11 and 12 as modified by the Court's 2/1/00 Order; Plaintiff is to be allowed to view file # 13, and Defendant will ensure all documents are produced under # 14. All documents are to be produced by **June 16, 2000**. It is further

**ORDERED** that Plaintiff's Motion for Sanctions in this Motion is **GRANTED**. Plaintiff's counsel's Affidavit as to fees and cosets incurred in connection with the 4/17/00 Motion is due by June 16, 2000 with objections due by **June 26, 2000**. It is further

**ORDERED** that Plaintiff's Motion to Compel [docket entry # 55 filed on 4/17/00] is **GRANTED** in part and **DENIED** in part. It is **DENIED** as to the drug testing question and **GRANTED** as to whether Mr. Hale was contacted. If this question is resolved by further deposition, defendant shall pay the cost of the continued deposition. Any remaining requests for relief in this Motion are **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Compel Related to Financial Reports for Costs and Attorney Fees [docket entry # 60 filed 5/3/00] is **DENIED** as moot upon the parties' representation that the issues have been resolved. It is further

**ORDERED** that Defendant's Motion to Extend Time to File Dispositive Motions [docket entry # 62 filed 5/15/00] is **GRANTED**. Dispositive Motions are due **August 15, 2000**. It is further

**ORDERED** that Plaintiff's Motion to Extend Time to Amend Pleadings or to Add Parties [docket entry # 68 filed 5/30/00] is **GRANTED**. The deadline to Amend Pleadings or to join Parties is June 30, 2000. It is further

**ORDERED** that the Pretrial Conference set for August 24, 2000 is vacated and reset to **October 19, 2000 at 8:30 a.m.** The Pretrial Order is due **10/16/00**. It is further

**ORDERED** that the Verbal Motion to Vacate and Reset the June 12, 2000 Settlement Conference is **GRANTED**. The June 12, 2000 Settlement Conference is vacated and reset to **August 25, 2000 at 10:30. It is further**

**ORDERED** that any other requests for relief in the subject motions not addressed herein are **DENIED**.