## In re LERNOUT & HAUSPIE SECURITIES LITIGATION.

### Gary B. Filler, et al.,

v.

### Jo Lernout, et al.

### Stonington Partners, Inc., et al.,

v.

### Carl L. Dammekens, et al.,

### Paul G. Bamberg, et al.,

v.

### Jo Lernout, et al.,

### Janet Baker, et al.,

v.

### KPMG LLP, et al.

Nos. CIV.A. 00–11589–PBS, CIV.A. 02–10302–PBS, CIV.A. 02–10303–PBS, CIV.A. 02–10304–PBS.

United States District Court, D. Massachusetts.

Dec. 15, 2003.

---

Bruce A. Baird, Covington & Burling, Washington, DC, Michael P. Carroll, Davis, Polk & Wardwell, New York City, Donald Chase, Morrison, Cohen, Singer & Weinstein, LLP, New York City, Michael A. Collora, Dwyer & Collora, LLP, Boston, MA, Michael P. Connolly, Murtha, Cullina LLP, Boston, MA, Rachelle L. DeGregory, Morrison, Cohen, Singer & Weinstein, LLP, New York City, James S. Dittmar, Goodwin, Procter LLP, Boston, MA, William Fenrich, Davis, Polk & Wardwell, New York City, James O. Fleckner, Goodwin, Procter LLP, Boston, MA, Thomas J. Gallitano, Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Boston, MA, Andrew Good, Silverglate & Good, Boston, MA, Jonathan I. Handler, Day, Berry & Howard LLP, Boston, MA, Tara J. Holubar, Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, William D. Iverson, Covington & Burling, Washington, DC, Gordon M. Jones, Nixon Peabody, LLP, Boston, MA, Amy M. McNamer, Zuckerman Spaeder LLP, Washington, DC, Arnold P. Messing, Choate, Hall & Stewart, Boston, MA, John B. Missing, Debevoise & Plimpton, Washington, DC, Julian J. Moore, Davis, Polk & Wardwell, New York City, William R. Moorman, Craig & Macauley, P.C., Boston, MA, Diem–

Suong T. Nguyen, Davis, Polk & Wardwell, New York City, David M. Osborne, Dwyer & Collora, LLP, Boston, MA, David A. Piedra, Morrison, Cohen, Singer & Weinstein, LLP, New York City, Frank Rozzano, Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, Steven M. Salky, Zuckerman Spaeder LLP, Washington, DC, Reshma M. Saujani, Davis, Polk & Wardwell, New York City, Paul W. Schmidt, Covington & Burling, Washington, DC, Robert P. Sherman, Nixon Peabody LLP, Boston, MA, William Shields, Day, Berry & Howard, Boston, MA, Michael L. Simes, Davis, Polk & Wardwell, New York City, Jay R. Speyer, Morrison, Cohen, Singer & Weinstein LLP, New York City, Amy Stoken–Dunn, Davis, Polk & Wardwell, New York City, Herbert Thomas, Debevoise & Plimpton, Washington, DC, Stephen Wald, Craig & Macauley, P.C., Boston, MA, Peter D. Weinstein, Morrison, Cohen, Singer & Weinstein, LLP, New York City, Franklin R. Weissberg, Morrison, Cohen, Singer & Weinstein, LLP, New York City, Roger E. Zuckerman, Zuckerman, Spaeder LLP, Washington, DC, Sean C. Knowles, Davis Polk & Wardwell, New York City, Sanjit S. Korde, Korde & Associates, Chelmsford, MA, Kevin J. Lesinski, Seyfarth Shaw, LLP, Boston, MA, Jason A. Levine, Covington & Burling, Washington, DC, Ellen D. Marcus, Debevoise & Plimpton, Washington, DC, for Defendants.

James P. Bonner, Shalov Stone & Bonner, New York City, Curtis L. Bowman, Cauley Geller Bowman & Coates, LLP, Little Rock, AR, Steven. E. Cauley, Cauley, Geller, Bowman & Coates, Little Rock, AK, Glen DeValerio, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, Patrick T. Egan, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, Michael T. Matraia, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, Nicole Robbins Starr, Berman DeValerio Pease Tobacco Burt & Pucillo, Boston, MA, Michael G. Lange, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, W. Todd Ver Weire, Cauley, Geller, Bowman & Coates, LLP, Little Rock, AR, for Plaintiffs.

*MEMORANDUM AND ORDER ON KLYN-
VELD PEAT MARWICK GOERDE-
LER BEDRIJFSREVISOREN'S MO-
TION TO STAY MAGISTRATE
JUDGE COLLINGS' ORDER DATED
NOVEMBER 13, 2003 (# 645 in
00cv11589, # 343 in 02cv10302, # 323
in 02cv10303 & # 366 in 02cv10304)* [1]

COLLINGS, United States Magistrate
Judge.

Judge Saris has referred the motion filed by Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("the defendant") to stay my November 13, 2003 Order to me to rule on in the first instance, as is the proper procedure under Rule 2(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts ("Mag. Judge Rules"). The stay is sought so that Judge Saris may rule on objections to my November 13, 2003 Order, the objections having been filed pursuant to Rule 72(a), Fed.R.Civ.P., on December 2, 2003.

The problem is that the motion to stay comes too late. The Order required compliance on or before the close of business on December 1, 2003; the motion to stay was not filed until December 2, 2003. Mag. Rule 2(c) provides:

> The ruling or order of a magistrate judge in a matter that is heard and determined under subsection (a) [2] hereof is the ruling of the Court and is final unless reversed, vacated or modified by a district judge pursuant to Fed.R.Civ.P. 72(a) and section (b) hereof. The filing of objections under subsection (b) hereof does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or district judge . . .

In these circumstances, it is improper (and, indeed, probably contumacious) to fail to comply with the Order and not to seek a stay at a time reasonably in advance of the time for compliance. "An order issued by a court must be obeyed, even if it later is shown to be erroneous." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2 Cir.1988); *see also L.D. Williams v. Texaco, Inc.,* 165 B.R. 662, 673 (D.N.M., 1994) (citing McDonald); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.,* 124 F.R.D. 75, 78–9 (S.D.N.Y., 1989).

This is especially so in the circumstances of the instant case where the defendant, instead of seeking a stay of the November 13th Order in this Court, filed an ex parte proceeding in a Belgian court seeking an injunction against the plaintiffs taking any acts to enforce the November 13th Order and seeking an Order setting a $1 million Euro per day fine against each plaintiff who takes any action to enforce the November 13th Order of this Court. It was only when the Belgian court refused ex parte relief on November 27th that the motion to stay was filed in the instant case on December 2, 2003, one day after compliance with the November 13th Order was required.

In other words, the defendant had ample time to seek a stay from this Court prior to the date set for compliance. The only inference which can be drawn is that the reason the stay was not sought is that by filing the ex parte proceeding in the Belgian court, the defendant thought that it could secure a tactical advantage over the plaintiffs and do an "end run" to avoid complying with the November 13th Order, which was at all times (as is it today) a "final" Order. There was no reason that the stay could not have been sought from this Court either prior to, or simultaneously with, the filing of the ex parte action in Belgium.

It is not proper to delay filing a motion to stay an Order of a federal court until after the date set by the Court for compliance. If a party seeks a stay of such an Order, it has the duty to seek the stay sufficiently in advance of the date set for compliance so that

---

1. Copies of the within Memorandum and Order were FAXED on December 4, 2003 to counsel for plaintiffs, Glen DeValerio, Esquire, and counsel for the defendant, Michael Stone, Esquire and George Salter, Esquire.

2. Subsection (a) of Mag. Rule 2 confers authority on the magistrate judge to decide a "pre-trial motion" or "pretrial matter" which is non-dispositive. The November 13th Order was a such a "motion" or "matter" which had been referred for decision by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).

the Court will have the opportunity to rule on the motion prior to the compliance date. Manifestly, filing the motion for a stay after the date set for compliance comes too late. It is ORDERED that Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren's Motion to Stay Magistrate Judge Collings' Order Dated November 13, 2003 (# 645, 343, 323, 360) be, and the same hereby is, DENIED.