**MARITIME CINEMA SERVICE
CORP., Plaintiff,**

v.

**MOVIES EN ROUTE, INC., et al.,
Defendants.**

No. 72 Civ. 445.

United States District Court,
S. D. New York.

Oct. 23, 1973.

**588**

Monroe E. Stein, New York City, for plaintiff.

Pollak, Swartz, Bendes, Stark & Amron, New York City, for defendants Movies En Route, Inc., Modern Film Corp., George Barnett, Richard Barnett and Irwin Dickman; Mervin C. Pollak, New York City, of counsel.

Liebman, Eulau, Robinson & Perlman, New York City, for defendants Walport (Overseas) Limited and Walport Limited; Steven Hochberg, New York City, of counsel.

Shea, Gould, Climenko & Kramer, New York City, for defendants Metro-Goldwyn-Mayer International Inc. and Metro-Goldwyn-Mayer, Inc.; Joseph Ferraro, New York City, of counsel.

Schwartz, Mermelstein, Burns, Lesser & Jacoby, New York City, for defendants Warner Bros. Distributing Corp., Columbia Pictures Industries, Inc. and Universal Film Exchanges, Inc.; John L. Amabile, Guy R. Fairstein, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Buena Vista Distributing Co., Inc.; A. Vernon Carnahan, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This action for treble damages and injunctive relief is brought under the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, and the Clayton Antitrust Act, 15 U.S.C. §§ 12–27. Plaintiff Maritime Cinema Service Corp. is engaged in the business of sublicensing motion pictures for exhibition on passenger and cargo ships and at offshore locations maintained by United States agencies or private corporations under contract with the United States. Defendants Movies En Route, Inc., Modern Film Corporation, Walport (Overseas) Limited ("Overseas") and Walport Limited ("Walport") are likewise engaged in sublicensing movies for exhibition on ships and at offshore locations. Defendants George Barnett, Richard Barnett, and Irwin Dickman are the directors and principal executive officers of Movies En Route, Inc. and Modern Film Corporation, as well as allegedly among the owners of Overseas. These seven defendants are referred to collectively as the sublicensing defendants. Defendants Metro-Goldwyn-Mayer International, Inc., Metro-Goldwyn-Mayer, Inc., Warner Bros. Pictures Distributing Corporation, Columbia Pictures Industries, Inc., Buena Vista Distributing Co., Inc., Twentieth Century-Fox Film Corporation, United Artists Corporation and Universal Film Exchanges, Inc., are engaged in the distribution of films for, *inter alia*, sublicensing for exhibition on ships and at offshore facilities. These defendants are collectively referred to as the distributor defendants.

Plaintiff alleges that defendants have conspired among themselves for a period of at least four years antedating the complaint to drive the plaintiff out of business. It contends that the distributor defendants have virtual control over the supply of quality films for commercial exhibition, and that the sublicensing defendants have, either directly through

purchases or indirectly through arrangements with other sublicensors, achieved control of 95% of the business of sublicensing films to passenger vessels. It alleges more specifically that the distributor defendants have made preferential arrangements with the sublicensing defendants and denied such arrangements to plaintiff, and that the sublicensing defendants have engaged in price cutting with no economic justification in their contracts with ships and offshore facilities. Plaintiff contends that the distributor defendants collectively dictated the license fees to which plaintiff must adhere in sublicensing films for exhibition, yet enabled the sublicensing defendants to establish lower rates for their customers, and threatened to withhold films from plaintiff should plaintiff compete with the sublicensing defendants for customers. It further alleges that all the defendants conspired together to establish a pricing system for all distributors which was beneficial to the sublicensing defendants without providing any economic gain to the distributor defendants, and that the sublicensing defendants threatened to boycott distributor defendants who did not participate in the conspiracy.

The instant motions concern the interrogatories served by plaintiff upon all the defendants. Plaintiff moves to compel answers to certain of the interrogatories objected to by defendants, and some of the defendants move for a protective order limiting their response to two among these.

■ At the outset it must be noted that discovery under the Federal Rules, particularly in antitrust cases, is extremely broad, and not limited to the allegations of the pleadings. *See, e. g.,* Prudential New York Theatres Co. v. Radio City Music Hall Corp., 271 F. Supp. 762 (S.D.N.Y.1967) and cases cited at 763. Thus, unless a question contained in an interrogatory is clearly unreasonable or improper, it must be answered.

### A. *Defendants' Motion for a Protective Order*

■ Defendants Movies En Route, Inc., Modern Film Corporation, George Barnett, Richard Barnett and Irwin Dickman have moved pursuant to Rule 26(c), Fed.R.Civ.P., for a protective order directing that plaintiff be granted limited discovery under plaintiff's interrogatories 24(A)(d) and 27(A) on the ground that these interrogatories are burdensome and

". . . refer to secret commercial information directly relevant only to paragraph 23(c) of plaintiff's complaint and not reasonably calculated to lead to the discovery of evidence admissible with respect to any other allegations of the complaint, which, if furnished to plaintiff, a direct competitor of [defendants], would enable plaintiff to compete unfairly and disastrously with these two corporate defendants."

Interrogatory 24(A)(d) requests that each defendant

"With respect to the exhibition of any feature motion picture on or at any facility which was licensed by the defendant or arranged by the defendant or negotiated by the defendant or from which defendant received any income whatsoever, list . . . . (d) The license fee or other consideration paid by the facility to the defendant for the engagement. . . ."

Interrogatory 27(A) requests that each defendant

"List each listed engagement for which, prior to the play date of said engagement or the furnishing of a print for the said engagement, an oral agreement or understanding concerning the terms of said engagement was entered into by the defendant with anyone."

Defendants argue that since plaintiff has systematically attempted to persuade defendants' customers to switch to plaintiff, to divulge the terms of the licens-

ing arrangements would enable plaintiff to offer better terms and thereby to take away these customers. They contend that these interrogatories relate to only one allegation of plaintiff's, that concerning "uneconomical" price cutting, and that the purpose of the interrogatory would be equally well served by an answer containing only aggregate profit and loss data. They maintain that their potential competitive injury raises this information to the level of a protectible "trade secret."

■ Courts have occasionally protected information relating to business contracts and customer lists, but this material is not absolutely privileged. The court must balance the need for the information sought against the claim of irreparable injury and undue burden. *See, e. g.,* Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 at 999 (10th Cir. 1965), cert. denied, 380 U.S. 964, 85 S. Ct. 1110, 14 L.Ed.2d 155 (1965); United States v. American Optical Co., 39 F.R. D. 580 (N.D.Cal.1966). In an antitrust action where the essence of the charge is that defendants have engaged in activity in restraint of competition, it is not unusual to touch on, or even to probe, matters at the heart of the business dealings and competitive relationships of the parties. "Harm may result to some of the appellants but that harm will be a by-product of competition." *Covey, supra,* 340 F.2d at 999. The information sought here is not a patent, a secret process, or a customer list, which the courts have rather carefully protected. *See, e. g.,* American Oil Co. v. Pennsylvania Petroleum Prod. Co., 23 F.R.D. 680 at 683–685 (D.R.I.1959). Defendants seek a protective order only against exposure of the license fees and the oral agreements with their customers: in essence, their own competitive stance. In a competitive economy, such information is often freely available, more so, certainly, than "processes, formulas, or methods." *See, Covey, supra* 340 F.2d at 999. And nothing could pertain more directly to the plaintiff's allegations of arrangements in restraint of trade. *See, e. g.,* United States v. Lever Bros. Co., 193 F.Supp. 254, 256–257 (S.D.N.Y. 1961), appeal dism., 371 U.S. 207, 83 S. Ct. 304, 9 L.Ed.2d 269, cert. denied, 371 U.S. 932, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962). An aggregate profit and loss figure is not a substitute.

Since defendants have not objected to providing all other information pertaining to these contracts, their claim that to reveal the fees and oral agreements is unduly burdensome is not persuasive.

Balancing the usefulness to plaintiff's case of this information, which is clearly relevant to several key allegations of the complaint, against the possible competitive injury its disclosure would cause defendants, this court finds that the purposes of antitrust discovery would be best met by disclosure, under certain limitations. A single copy of answers to the interrogatories in question shall be prepared, and submitted to counsel for the plaintiff. The answers will not be shown to plaintiff, and will be used by counsel only in the preparation of this litigation. When counsel have completed this preparation, the answers will be deposited with the court, under seal. (A similar solution was reached in *Covey, supra, American Oil Co., supra, American Optical Co., supra,* and K.S. Corp. v. Chemstrand Corp., 203 F.Supp. 230 (S. D.N.Y.1962)).

B. *Defendants' Objections to the Time Period Covered by the Interrogatories*

■ Plaintiff in its interrogatories requested that answers be supplied for transactions as far back as 1964. All of the defendants contend that the relevant damage period is that within the period of limitations, that is, four years prior to the filing of the complaint, and have refused to provide any information concerning events prior to 1968. They support their objection with the comment that plaintiff has not specified any par-

ticular injuries action on the part of the defendants prior to 1970, and cite cases to the effect that even in antitrust litigation discovery must be limited to a manageable scope.

This court is not persuaded that to permit discovery pertaining to the period 1964–1968 would be either unmanageable or beyond the scope appropriate in an antitrust proceeding. Discovery in antitrust cases routinely goes beyond the damage period, particularly where it is necessary to establish intent or the pattern of a conspiracy. *See, e. g.,* Quonset Real Estate Corp. v. Paramount Film Distr. Corp., 50 F.R.D. 240 (S.D.N.Y. 1970) (ten years); Austin Theatre Inc. v. Warner Bros. Pictures, Inc., 30 F.R.D. 156 (S.D.N.Y.1958) (ten years); *Prudential New York Theatres Co., supra,* (prior to statutory damage period, reasonableness test). Under the circumstances, plaintiff's position that information concerning the four years prior to the damage period would possibly assist it to establish its case is not unreasonable. Defendants are hereby ordered to provide answers pertaining to the time period after 1964.

## C. Other Interrogatories

■ Plaintiff, in Interrogatories 14(C), 35(C) and 48(C) has requested the distributor and sublicensing defendants to "Identify any and all persons who helped prepare the answers to these Interrogatories or were consulted in connection therewith." Defendants object on the ground that this information is irrelevant and perhaps privileged; Walport and Overseas also claim that the question is overbroad. Plaintiff apparently believes that these questions come within the rule permitting inquiry into the identity of all persons having knowledge of relevant facts. *See,* 4 Moore Fed. Practice ¶ 26.57 [1].

The interpretation of relevancy in antitrust cases is quite broad. *See,* 4 Moore Fed.Practice ¶ 26.56 [1] n. 52. In the judgment of the court the inter-

rogatory cannot be considered wholly irrelevant, since included in the class of persons consulted are very likely persons with knowledge of the relevant facts, but it is certainly overbroad. Similar requests have been denied in other cases. *See* United States v. National Steel Corp., 26 F.R.D. 599 (S.D.Tex.1960) and cases cited at 600. Defendants are therefore ordered to respond simply by naming those persons consulted in the preparation of their answers who have knowledge of the relevant facts.

■ In Interrogatory 43(D), addressed to defendants Overseas and Walport, plaintiff has requested the parties, dates, and substance of any oral agreement to render services to the other defendants within or outside the United States. Defendants object that this information is irrelevant as unrelated to the business of licensing movies, and that the question is overbroad. The defendants have not objected to a similar question requesting any written agreements. In the judgment of the court his question is relevant to the subject matter of the litigation, in that it may elicit preferential terms granted to some customers and tend to support plaintiff's allegation of a conspiracy in restraint of trade. Since the details of the services in question will already have been supplied in response to Interrogatories 43(A) and (B), and all that is presently objected to is provision of the terms of the agreements, this court does not find the request overbroad. Defendants are directed to respond to Interrogatory 43(D) to the extent that they have not already done so.

■ Interrogatory 48(A) and (B) is similarly addressed to defendants Walport and Overseas. It requests that defendants

"(A) Identify any documents not mentioned in the answer to any of the above set forth Interrogatories which are relevant or pertinent to any issue raised by the pleadings in this action, including, without limitation, any doc-

ument pertaining or referring to a license fee either payable by the operator of the facility to anyone or to the distributor of the picture by anyone for a listed engagement with, from or to the owner or operator of a facility or the distributor of the picture or the changing or adjustment of said license fee.

(B) Identify any documents not mentioned in the answer to any of the above set forth Interrogatories consulted by the defendant in the preparation of the answers to these Interrogatories, state the location of each said document and identify the custodian of the same."

Defendants contend that parts (A) and (B) are overbroad and not relevant, and that part (A) is also burdensome.

In antitrust litigation discovery is broadly permitted, and the burden or cost of providing the information sought is less weighty a consideration than in other cases. *See, e. g.,* Rockaway Pix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc., 36 F.R.D. 15 (E.D.N.Y.1964). In the judgment of this court, this flexible standard permits plaintiff to discover any documents which are relevant to any issue raised by the pleadings. The burden this places on defendants can be reduced by giving plaintiff access to the documents and requiring it to select.

But a request to identify all documents consulted is certainly overbroad, and unsupported in this case by a showing of sufficient cause. Defendants are therefore directed to respond to Interrogatory 48(A); the objection to 48(B) is sustained.

In summary, the court rules as follows:

1. The defendants' request for a protective order limiting response to Interrogatories 24(A)(d) and 27(A) is granted in part; defendants are to respond fully but the answers are to be given only to plaintiff's counsel, are not to be shown to plaintiff, are to be used only in connection with the preparation of this case, and are then to be filed under seal with this court.

2. The defendants' objection to plaintiff's definition of the relevant time period is overruled.

3. The defendants' objection to Interrogatories 14(C), 35(C) and 48(C) is sustained in part, and defendants are required to identify those persons consulted in the preparation of their answers, who have knowledge of the relevant facts.

4. Defendants' objections to Interrogatories 43(D) and 48(A) are overruled.

5. Defendants' objection to Interrogatory 48(B) is sustained.

It is so ordered.