**Martha STILLMAN, Charles Stillman and Koliu Kondoff, Plaintiffs,**

v.

**Neiko I. VASSILEFF, Defendant.**

**No. 82 Civ. 7447 (IBC).**

United States District Court,
S.D. New York.

Jan. 4, 1984.

Aberman, Greene & Lichter, New York City, for plaintiffs; David Greene, New York City, of counsel.

L. Thomas Houser, Scarsdale, N.Y., for defendant.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendant seeks a protective order that plaintiffs be denied discovery with respect to defendant's secret process, development and research relating to gypsum foam insulation, and that such confidential research, development and commercial information be withheld and not disclosed either in response to plaintiffs' request for production of documents relating thereto or otherwise through discovery procedure.

On January 5, 1983 plaintiffs served on defendant their request for production of documents. Defendant objected thereto with respect to items 1, 3, 4, 6, 7, and 9. On April 18th plaintiffs filed a motion, pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure, seeking to compel their production. Our order of September 16th (a copy of which is attached hereto and made a part of the instant disposition) required defendant to comply with plaintiffs' request within thirty days unless defendant filed a motion for a protective order, in which case our determination for production of documents would be stayed. The defendant so moved.

With respect to the documents requested by plaintiffs numbered 3, 4, 7, and 9, defendant's papers fail to demonstrate that their production will disclose any trade secrets. It is for the party resisting discovery to establish, in the first instance, that the information sought is within the provision of Rule 26(c) of the Federal Rules of Civil Procedure. *Penthouse International Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 391 (2d Cir.1981); *Citicorp v. Interbank Card Ass'n,* 478 F.Supp. 756, 765 (S.D.N.Y.1979); *Reliance Insurance Co. v. Barron's,* 428 F.Supp. 200, 202–03 (S.D.N.Y.1977); Wright & Miller, 8 Federal Practice & Procedure 300–01 (1970). The arguments presented by defendant in support of this contention are neither persuasive nor convincing. Ac-

cordingly, defendant is ordered to comply with plaintiffs' requests numbered 3, 4, 7, and 9 and to do so within thirty (30) days from the date of the filing of this order.

With respect to plaintiffs' request for documents numbered 1 and 6, namely documents pertaining to the invention of a chemical process for a gypsum foam insulation material and formulae: We bear in mind that the verified complaint and sworn statements in behalf of plaintiffs subsequent to its filing assert that a business relationship existed between these litigants in relation to the very same "secret formulae" which constitute the subject matter of the instant application for a protective order. Upon our careful examination of all pertinent affidavits and memoranda of law, we are unable at this time to determine whether or not disclosure here sought should be subject to a protective order.

Accordingly, we direct that discovery as to all documentation numbered 1 and 6 be strictly limited. *See e.g., Chesa International Ltd. v. Fashion Associates, Inc.,* 425 F.Supp. 234, 237 (S.D.N.Y.), *aff'd,* 573 F.2d 1288 (2d Cir.1977); Wright & Miller, *supra,* at 305. A single copy of the answers to interrogatories 1 and 6 shall be prepared and promptly submitted in strictest confidence to counsel for plaintiffs. Until this Court directs otherwise, the answers must not be revealed in any manner whatever to plaintiffs and obviously to no one else. The answers aforesaid are to be used *exclusively* by plaintiffs' counsel only if found by plaintiffs' counsel to be of meaningful significance or assistance in the furtherance of this litigation.

We direct that plaintiffs' counsel comply with these directives immediately upon receipt of the answers aforesaid; further, and without any delay, deposit such answers with the Court, under seal. *See Maritime Cinema Service Corp. v. Movies En Route, Inc.,* 60 F.R.D. 587 (S.D.N.Y.1973).

We emphatically repeat that the letter and spirit of our directives must be strictly observed and enforced.

SO ORDERED.