**GTE PRODUCTS CORPORATION**

v.

**Arthur GEE, Andrew Melillo, GM Audio Visual, Inc.**

**Civ. A. No. 84–3936–T.**

United States District Court, D.Massachusetts.

Sept. 17, 1986.

Edward J. DeAngelo, Donald B. Gould, Goodwin, Procter & Hoar, Boston, Mass., for plaintiff.

William C. Pericak, Jack R. Pirozzolo, Richard E. Bennett, Willcox, Pirozzolo and McCarthy, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (# 44) AND DEFENDANTS' MOTION REGARDING PROTECTIVE ORDER (# 41)

ROBERT B. COLLINGS, United States Magistrate.

In its Complaint, the plaintiff avers that it is in the business of manufacturing large Sylvania-brand lamps and that both the individual defendants and the corporate defendant have been distributors of plaintiff's products pursuant to written agreements. The plaintiff sold the lamps to the defendants on an open account basis with payment in full due within ninety to one hundred eighty days. The Complaint alleges that the defendants owe the plaintiff approximately $249,000 for goods sold and delivered. In addition, the written contracts between the plaintiff and defendants provide that the defendants could apply to the plaintiff to receive additional discounts on large orders known as "price supports". Plaintiff alleges that the defendants have fraudulently submitted false claim forms to them in order to collect discounts in the form of price supports to which they were not entitled. The Complaint states claims for fraud, unfair and deceptive acts, and breach of contract.

The defendants have filed a counterclaim alleging breach of contract, unfair and deceptive acts, illegal price maintenance and an illegal conspiracy in restraint of trade with the object of forcing the defendants into refraining from competing with the plaintiff's other distributors. The defendants allege that the plaintiff, in furtherance of the conspiracy, has offered lower prices to other distributors and has discriminated against the defendants in credit terms, terms of sale and in other ways in order to eliminate price competition in the market for lamps.

The matter is presently before the Court for decision on the plaintiff's Motion For Protective Order (# 44) which seeks an order prohibiting defendants' counsel from disclosing to the defendants the contents of documents which the plaintiff will produce in discovery which contain confidential information about third parties, those third parties being the other distributors of the plaintiff's products. Specifically, the plaintiff seeks an order that such documents not be disclosed to anyone other than defendants' counsel, counsel's employees, expert witnesses and the Court. The defendants have filed a Motion Regarding Protective Order (# 41) in which they object to any order which does not authorize disclosure to defendants Melillo and Gee personally and as representatives of GM Audio Visual.

Plaintiff avers that the third party documents at issue contain sensitive business information about companies that are in direct competition with the defendant GM Audio Visual and will include information about prices charged by these competitors, the identities of their customers and the " ... size, mix and times of sales to these customers." Plaintiff's Supplemental Memorandum, Etc. (# 45) at p. 1.

The defendants object to the issuance of any protective order which limits disclosure to their counsel, arguing that as parties, they have a right to examine personally documents obtained through discovery.

Rule 26(c), F.R.Civ.P., provides, in pertinent part:

Upon motion by a party ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ...

(7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way.

Subsection (7) to Rule 26(c), F.R.Civ.P., was added as part of the 1970 amendments to the Federal Rules of Civil Procedure. The Advisory Committee noted that the provision reflected "existing law" and cited the case of *Covey Oil Company v. Continental Oil Company*, 340 F.2d 993 (10 Cir), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965) as support for

that proposition. The *Covey Oil* case involved allegations that the Sherman Act had been violated and the particular question facing the Court of Appeals was whether third parties could be required to disclose, in response to subpoenas *duces tecum,* information relating to their purchase price of gasoline, their sale price and gallonage of gasoline sold other than at retail, and the number and location of their service stations. The Court of Appeals upheld a District Judge's order by which the information was required to be disclosed but " ... [t]he documents were [to be] made available only to counsel and independent certified public accountants and only for the purpose of the case ..." and not for " ... use ... 'for business or competitive purposes'." *Id.* at 999.

Similar limitations have been imposed in other cases to protect confidential commercial information. In the case of *Chesa Int'l Ltd. v. Fashion Associates, Inc.,* 425 F.Supp. 234, 237 (S.D.N.Y.), *aff'd* 573 F.2d 1288 (2 Cir., 1977), the District Court upheld a ruling by a master that the names of defendants' customers be disclosed only to plaintiff's attorneys. In the case of *Maritime Cinema Service Corp. v. Movies En Route, Inc.,* 60 F.R.D. 587, 590 (S.D.N.Y., 1973), disclosure of defendants' license fees and oral agreements with their customers was limited to plaintiff's counsel.

In my opinion, these cases fully support (1) the power of the Court to issue the protective order which plaintiff seeks in this case and (2) the propriety of issuing such an order to limit the disclosure of the types of confidential commercial information, i.e. customer lists, prices, etc., to which the order relates.

In support for their position, defendants cite the cases of *United States v. American Optical Company,* 39 F.R.D. 580 (N.D.Cal., 1966) and *Doe v. District of Columbia,* 697 F.2d 1115 (D.C.Cir., 1983). The *American Optical* case does not even address the issue which is the subject of plaintiff's motion for protective order in the instant case. The issue in *American Optical* was whether or not there would be any disclosure of the pricing practices and financial condition of a third party in an anti-trust action. The Court found that the discovery sought was appropriate and ordered disclosure. The reasons for ordering disclosure were that the data requested did not involve customer lists " ... which [are] concededly entitled to greater protection" and that the information sought did " ... not presently have significant competitive value". *United States v. American Optical Company, supra,* 39 F.R.D. at 586. However, there does not appear to have been any request that the disclosure which was ordered be limited to counsel in the case, and the Court did not consider imposing such a limitation *sua sponte.*

The case of *Doe v. District of Columbia, supra,* involved an entirely different factual setting. In that case, a class of inmates in prison brought suit against the District of Columbia and several of its officials and employees alleging that the defendants had violated their rights under the Constitution. The District Judge entered a protective order prohibiting defendants' counsel from making known to the defendants information provided by the plaintiff class members during depositions and in other discovery. The Court of Appeals found that the issuance of the protective order was an abuse of discretion because it effectively prohibited *any* discussion between the defendants and their counsel respecting the fruits of discovery and a far less sweeping order could have accomplished the objective of the order, i.e. preventing retaliation against the plaintiffs in prison by prison guards on account of information plaintiffs gave during discovery.

The situation in the instant case is entirely different. The plaintiff seeks protection only for a limited class of documents which contain information which has been held by courts to be entitled to protection against full disclosure. The Court in *Doe* recognized this distinction when it noted that orders prohibiting the disclosure of discovery materials by an attorney to his client

... have frequently been issued under Fed.R.Civ.P. 26(c)(7) to prevent disclosure to a party's business competitor(s) of "trade secret[s], or other confidential research, development or commercial information."

*Doe v. District of Columbia, supra*, 697 F.2d at 1120, footnote 8 citing *Chesa Int'l Ltd. v. Fashion Assocs., Inc., supra*, and *Maritime Cinema Serv. Corp. v. Movies En Route, Inc., supra*.

In short, I find no basis in law for the defendants' contention that they have the right to have confidential commercial information of competitors disclosed to them in addition to having the information disclosed to their attorneys. In this case, in balancing the risk of competitive injury to third parties as against the need for the defendants Melillo and Gee to have access to this information when the information will be disclosed to their attorneys, I find that the balance tilts in favor of issuing the plaintiff's requested protective order.

Accordingly, it is ORDERED that plaintiff's Motion For Protective Order (# 44) be, and the same hereby is, ALLOWED and that the defendants' Motion Regarding Protective Order (# 41) be, and the same hereby is, DENIED.