**Thomas PASANT, Plaintiff,**

v.

**JACKSON NATIONAL LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

No. 90 C 4182.

United States District Court, N.D. Illinois, E.D.

June 17, 1991.

Alan B. Castator, LaGrange, Ill., for plaintiff.

Jerome H. Torshen, Mark K. Schoenfield, Torshen, Schoenfield & Spreyer, Ltd., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The squabble between these parties is fast approaching a downright feud. In the latest round, both parties, plaintiff Thomas Pasant ("Pasant") and defendant Jackson National Life Insurance Company of America ("Jackson") have filed motions for discovery sanctions. The court will not rehash the facts of this case as they were discussed in detail in *Pasant v. Jackson Nat'l Life Ins. Co. of America,* 751 F.Supp. 762 (N.D.Ill.1990).

### I. Defendant's Motion for Discovery Sanctions

Jackson was first in time with its motion for discovery sanctions. Jackson is incensed by Pasant's failure to give information requested in interrogatories and to proffer documents Pasant allegedly promised to provide.

### A. Interrogatories

■ Pasant is ordered to provide Jackson with the list of insurance agents discussed in interrogatory 6. Clearly, such a list is requested by interrogatory 6(b) which asks Pasant to name each person with knowledge of this portion of the complaint. Pasant's answer to that subsection of the interrogatory includes a general reference to "various agents." Under Fed. R.Civ.P. 26(e)(1), Pasant has a continuing obligation to supplement answers to interrogatories which directly address the identity of persons having knowledge of discoverable matters. The names of the agents referred to in interrogatory 6(b) fall into this category. No additional interrogatory need be proffered to obtain this information.

### B. Document Production

■ Pasant has refused to produce various documents that he identified in response to Jackson's interrogatories including the checkbook statements and receipts from Pasant's company, Agency of America; contracts with insurance carriers; contracts with agents; communications and correspondence with agents; calendars and schedules; income and financial information; as well as the corporation's business books and records. Pasant claims that the documents are not relevant. The court is hard put to understand why Pasant feels these records are irrelevant. Pasant has not given any specific reasons for his assertions. On the contrary, Pasant, by his very answers to the interrogatories, has made these documents relevant. In his answers to interrogatories 6 and 10, Pasant lists as supporting documentary evidence: monthly expenses of Agency of America, checkbook statements, income statements, financial statements, internal notes and memoranda and other documents. The documentary support for his answer to interrogatory 1 also includes check registers, bank statements, cancelled checks, and receipts for expenditures. In his answer to interrogatory 2, Pasant lists the remainder of the documents he now claims are not relevant including various correspondence and mailings, telephone communications, diaries,

contracts with companies and agents, calendars, schedulers, and other internal office memoranda. To gain a complete answer to the interrogatories and to investigate issues raised in Pasant's complaint, Jackson needs access to these documents. These documents, then, are relevant. Pasant is ordered to turn over to Jackson all documents Pasant refers to in his answers to the interrogatories.

## II. Plaintiff's Motion for Discovery Sanctions

### A. Interrogatories

Pasant, too, has filed a motion for discovery sanctions. He also seeks responses to interrogatories as well as production of documents. In interrogatory 5(b), Pasant seeks the identities of Jackson's agents. This information is entirely relevant since Jackson claimed, in its complaint for the suit filed in Illinois state court, business injury as a result of Pasant having allegedly solicited Jackson's agents. The agents' names and the nature of Jackson's licensing agreement with these agents would be relevant to an inquiry into this injury. The court is in partial agreement, though, with Jackson's objection that the request is overly broad. Since both Pasant and Jackson are concerned with Jackson's Illinois agents, the interrogatory should be limited to only include Jackson's Illinois agents. Jackson also argues that the information is privileged. A customer list is not absolutely privileged. *Maritime Cinema Service Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 590 (S.D.N.Y.1973). To claim privilege, Jackson must give a specific privilege as grounds for its objection. The court must then balance the need for the information against the injury that may follow from disclosure. *Id.* Jackson has not enumerated any grounds for its privilege claim, so the court will not uphold Jackson's objection. Jackson must disclose the information requested in interrogatory 5(b).

In interrogatory 7, Pasant seeks information about all agents who have been terminated as "unsatisfactory" in the last five years. The mere mention of agent performance in Jackson's complaint for the Illinois suit does not make this information relevant. Jackson need not answer this interrogatory.

Pasant objects to the answer Jackson has given for interrogatory 9. The court finds that Jackson's answer is responsive. No further answer is necessary.

The court does find that Jackson's general answer to interrogatory 11 is insufficient. Pasant's request for a list of the agents or brokers it allegedly contacted is much the same as Jackson's request for a list of agents. Pasant has a valid need for information concerning the identities of agents he allegedly contacted and the identities of agents he allegedly learned by virtue of his former employment with Jackson. Jackson must provide Pasant with lists detailing this information if its categorization of documents does not specifically identify where this information can be found. As for interrogatory 11(a), Jackson appears to have provided all the information in its possession with regard to 11(a) in its answers to interrogatories 11, 17 and 26. Therefore, no further response is necessary for 11(a).

Interrogatory 13 seeks a subset of the information requested in interrogatory 11. Although Jackson has provided documents which purportedly provide this information, Jackson should provide a list specifically detailing the agents who allegedly received the mailing. From Jackson's allegations in the Illinois suit, more agents than the two specifically named in its interrogatory responses must have received the mailing. Jackson should provide the agents' names as well as supplement its response, pursuant to Fed.R.Civ.P. 26(e)(1), as information becomes known through its continuing investigation.

Jackson is directed to answer interrogatory 16. Jackson should not find it too difficult to articulate in its interrogatory response the basis for its allegation that Pasant interfered with Jackson's agent relationships. It may be that the basis for the allegation is the mailing of the two named exhibits. If so, Jackson should ar-

258

ticulate that fact. The exhibits can then speak for themselves.

The court has difficulty following Jackson's response to interrogatory 27. The response refers to two other answers which are incomplete. Jackson states that it sent the affidavit and letter to a group of agents. Yet, Jackson gives scant information about the characteristics of this group. One of the contested issues between the parties appears to be whether Jackson in fact sent the affidavit and letter only to the group of agents allegedly solicited by Pasant. For that reason, Pasant needs a breakdown of the agents to whom the affidavit and letter were sent. The additional information Pasant requests in 27(c) and (d) is relevant to the nature of the agents' relationships with Jackson. Jackson, then, should provide a list of the names of the agents to whom the letter and affidavit were sent along with the details requested in 27(c) and (d). The answers to the remaining subsections of the interrogatory are responsive.

From representations made by Jackson, interrogatory 30 seems to be fully answered by the documents Jackson provided. If the identities of the persons sought by Pasant are not clearly set forth in the documents or by the categories of documents, a list of these persons should be provided. For instance, if persons did respond orally and their responses were not documented, Jackson must provide information about the identities of these persons along with their responses.

At this time, the court agrees with Jackson that interrogatory 31 is a fishing expedition. Unless Pasant provides some basis for its claim that persons other than those already identified by Jackson possess knowledge of the facts of this suit or of the Illinois suit, the court considers the questioning of all those persons in the Great Lakes regional office unnecessary. Jackson need not provide Pasant with the employees' names.

The information requested in interrogatory 33 can be garnered from interrogatories already answered, supplemental responses, and answers that this court has directed Jackson to provide. No further response for interrogatory 33 is necessary.

### B. Document Production

In addition to answers to interrogatories, Pasant seeks the production of certain documents. With regard to document request 1, the court has already directed Jackson to produce a list of its Illinois agents for interrogatories 5(b) and 27. The court finds that the identities of agents other than Illinois agents are not relevant.

Based on Pasant's representations, the court finds the information requested in document request 4(a), as it relates to Illinois agents, to be relevant. Since Jackson has not stated a particular privilege as a basis for its objection, the court directs Jackson to provide the information requested in 4(a) as it relates to its Illinois agents.

Document requests 5 and 6 seek information similar to that requested in interrogatory 7. Jackson need not produce further documents since the court has found that this information is not relevant.

On the basis of Jackson's representation that it has provided Pasant with the individual contracts of each of its Illinois agents, the court finds that document request 7 has been satisfied. If those documents have not been provided, they should be produced.

The court defers ruling on document requests 21, 22, 24, and 25 until the briefing schedule on defendant's motion for partial summary judgment has been completed and the court has reached a decision.

### III. Sanctions

■ Both parties have requested that the court impose sanctions. The court declines to sanction or award costs to either party. In this case, the parties' inflexibility and, thus, their inability to compromise on even the slightest matters have been more the problem than the nature of the discovery requests themselves. Pasant and Jackson are equally culpable for the petty discovery disputes that the court has resolved. Under these circumstances, the

imposition of sanctions or an award of costs to either party would be unjust.

The court also declines to impose other remedies such as the exclusion of testimony and evidence that was suggested by Jackson. The parties currently have an unlimited period of time for discovery, with no trial date in sight. Neither party will be prejudiced by the other's compliance with the directives of this court.

IT IS SO ORDERED.