**MULTI–CORE, INC., Plaintiff,**

v.

**SOUTHERN WATER TREATMENT COMPANY, Defendant.**

No. 90–11471–H.

United States District Court,
D. Massachusetts.

Sept. 5, 1991.

Joseph H. Murphy, Asoian & Tully, Andover, Mass., for plaintiff.

Joel F. Pierce, Morrison, Mahoney & Miller, Boston, Mass., for defendant.

MARIANNE B. BOWLER, United States Magistrate Judge.

Plaintiff Multi–Core, Inc. brought this action against defendant Southern Water Treatment Co. for breach of implied warranty of merchantability, breach of implied warranty for a particular purpose and unfair and deceptive trade practices. Defendant manufactures a chemical solution, Metal Rec–1, designed to precipitate heavy metals from waste water. Plaintiff, a manufacturer of circuit boards, purchased allegedly defective quantities of Metal Rec–1 from defendant in the spring and summer of 1989 in order to filtrate waste water produced in its manufacturing process. According to plaintiff, because of the defective nature of defendant's product, plaintiff had to shut down its filtration system for approximately two weeks in October, 1989, resulting in an alleged $180,-000 in damages.

## BACKGROUND

On July 12, 1991, this court held a conference relating to plaintiff's motions to compel (Docket Entries ## 9 & 19) and defendant's motion for a protective order (Docket Entry # 25). At the conference, this court resolved the motions with the

exception of the discovery of the chemical formula of Metal Rec–1. The principal issue remaining for this court to resolve is whether the Metal Rec–1 formula constitutes a trade secret; and, if so, the extent of defendant's privilege under Fed.R.Civ.P. 26(c)(7) [1]. The specific remaining discovery requests are as follows.

Plaintiff requests the production of document item no. 2, (Docket Entry # 19) and the answer to interrogatory no. 13 (Docket Entries ## 9 & 19). In document request for item no. 2, plaintiff seeks the following documents:

Any and all documentation which itemizes the exact organic and chemical composition of the solution of Metal Rec–1.

Defendant gives the following response:

The Defendant objects to this request on the grounds that it is overly broad, overly burdensome, it is not properly limited as to time, it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the time of trial of this action, and which is not reasonably calculated to lead to discovery of admissible evidence.

Moreover, the Defendant objects to the production of this documentation on the grounds of trade secret and/or patents in the possession of the Defendant may be compromised.

In interrogatory no. 13, plaintiff seeks the following:

Please identify in as much detail as possible the exact organic and chemical composition of the solution of Metal Rec–1.

Defendant gives the following response:

Southern Water Treatment Company objects to this interrogatory on the grounds that it seeks proprietary information which, if provided, may cause serious economic harm to the defendant, and which is not necessary for the plaintiff's litigation of this case.

Notwithstanding nor waiving this objection, the defendant states that Metal Rec–1 is composed of a proprietary blend

of the raw products sodium dimethyldithiocarbamate ("SDMDTC").

Defendant's remaining request is for a protective order. (Docket Entry # 25). Defendant seeks protection of the Metal Rec–1 formula and its method of production. Inasmuch as the trade secret issue cited above will dispose of the discovery requests contained in the three motions, this court now turns to that issue.

## DISCUSSION

Rule 26(c)(7) governs the discovery of trade secrets. The rule provides, in part, that:

Upon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.

Fed.R.Civ.P. 26(c).

■ The initial determination for this court is whether the organic and chemical composition of the Metal Rec–1 solution constitutes a trade secret or other confidential information within the meaning of Rule 26(c)(7), Fed.R.Civ.P. *See Centurion Industries, Inc. v. Warren Steurer and Associates,* 665 F.2d 323, 325 (10th Cir.1981) (limited disclosure of computer software allowed). This court finds that it does. *See Peggy Lawton Kitchen's, Inc. v. Hogan,* 18 Mass.App.Ct. 937, 466 N.E.2d 138 (1984) (plaintiff's recipe entitled to protection).

■ As the party seeking a protective order, defendant bears the burden of proving "good cause". *See: Anderson v. Cryovac, Inc.,* 805 F.2d 1, 7 (1st Cir.1986) (discussion of good cause standard under Rule 26(c)) and *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 789 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102

1. Rule 26(c)(7) concerns this court's authority to issue protective orders. The text of the rule is

quoted in the discussion section of this Order.

L.Ed.2d 970 (1989) (burden on moving party to show good cause). Defendant must show a factual basis of potential harm. *Anderson v. Cryovac, Inc.,* 805 F.2d at 7.

In this instance, defendant complains that the Metal Rec–1 formula generates a large segment of the firm's sales. The formula is therefore valuable to defendant and its competitors. Public disclosure will naturally result in harm to defendant's business.

 In assessing whether to issue a protective order, courts generally balance the harm to defendant against the relevance of and the necessity for the information. *See,* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2043 (1970). Defendant's formula is clearly relevant[2]. Plaintiff needs the formula in order to determine whether the Metal Rec–1 supplied to plaintiff in the spring and summer of 1989 was substandard. Plaintiff further requires the chemical analysis customarily used by defendant in order to compare this with a chemical analysis of the Metal Rec–1 supplied to plaintiff in 1989.

In striking a balance, courts use a number of procedures. *See: Davidson Pipe Co. v. Laventhol and Horwath,* 120 F.R.D. 455 (S.D.N.Y.1988) and *GTE Products Corp. v. Gee,* 112 F.R.D. 169 (D.Mass.1986) (disclosure limited to counsel); *Alloy Cast Steel Co. v. United Steel Workers of America,* 70 F.R.D. 687 (D.C.Ohio 1976), opinion incorporated, 429 F.Supp. 445 (N.D.Ohio 1977) (answers to interrogatories limited to defendant and counsel; answers sealed and used only for litigation); and *Spartanics, Ltd. v. Dynetics Engineering Corp.,* 54 F.R.D. 524 (D.C.Ill.1972) (disclosure of confidential research limited to trial counsel and two independent consultants). In this action, plaintiff seeks the organic and chemical composition of Metal Rec–1 to determine whether the product delivered to plaintiff was of a comparable composition. Counsel will wish to view the composition

and, presumably, have experts or independent consultants conduct an analysis.

Accordingly, in weighing the competing interests at stake, this court ORDERS defendant to provide the document requested, item no. 2, and to answer interrogatory no. 13; however, disclosure of the document(s) and answer is limited to plaintiff's counsel of record and two experts and/or independent consultants of counsel's choosing. Plaintiff's counsel of record shall use the information supplied only for litigation purposes. Plaintiff's counsel of record is further ORDERED to sign a nondisclosure agreement and file a copy with this court on or before September 16, 1991, as suggested by plaintiff in its' opposition to the motion for a protective order. (Docket Entry # 28). The nondisclosure agreement shall comply with the above restrictions limiting disclosure.

Plaintiff's request for expenses, including attorney's fees, incurred as a result of its motions to compel (Docket Entries ## 9 & 19) is DENIED inasmuch as this court finds defendant's response (Docket Entry # 27) and the arguments in support of its protective order (Docket Entry # 26) substantially justified under Rule 37(a)(4), Fed. R.Civ.P.

## CONCLUSION

Plaintiff's Motion for Order Compelling Defendant to Answer Plaintiff's Frist(sic) Set of Interrogatories (Docket Entry # 9) and plaintiff's Motion for an Order Compelling Production of Documents and Answers to Interrogatories by Defendant Southern Water Treatment Company (Docket Entry # 19) is ALLOWED. Plaintiff's request for expenses, including attorney's fees, incurred as a result of its motions to compel (Docket Entries ## 9 & 19) is DENIED. Defendant is ORDERED to provide the pertinent answer and document(s) on or before September 19, 1991.

Defendant's motion for a protective order is DENIED without prejudice to be

---

**2.** Relevance encompasses more than admissability at trial. For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation. *Microwave*

*Research Corp. v. Sanders Associates,* 110 F.R.D. 669, 672 (D.Mass.1986) (quoting 4 J. Moore, Federal Practice, § 26.56(1) (1976)).

renewed by defendant if attempts to reach a nondisclosure agreement fail. Plaintiff is further ORDERED to file a copy of the nondisclosure agreement with this court on or before September 16, 1991.