### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

### ELECTRO–TERM, INC., Defendant.

### Civil Action No. 95–30110–MAP.

United States District Court,
D. Massachusetts.

June 25, 1996.

---

3. Memorandum, Etc. (#139) at p. 6.

Louis Graziano, EEOC, New York City, for Plaintiff.

Bradford R. Martin, Jr., Timothy J. Ryan, Ryan, Martin, Costello, Allison & Leiter, Springfield, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, RESPONSE TO INTERROGATORIES AND PERMIT QUESTIONING AT DEPOSITIONS (Docket No 14)*

NEIMAN, United States Magistrate Judge.

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), has requested

the Court, pursuant to Fed.R.Civ.P. 37(a), to compel Defendant Electro–Term, Inc. ("Defendant") to produce certain documents and to respond to certain interrogatories. These discovery disputes arise in the context of the EEOC's complaint against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), by actually or constructively discharging Mr. Robert Showe ("Showe") because of his religion in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e–3(a).[1]

In essence, the disputed discovery concerns information regarding Defendant's "Company Statement." The Company Statement declares Defendant's belief in certain Christian principles, i.e., "Bible-based principles," and its requirement that certain managers and manager-trainees attend seminars which are based on those principles, giving, as an example, the Bill Gothard seminars. When Showe objected to signing an acknowledgement of the Company Statement because it compromised his religious beliefs, he was either discharged or not hired, depending on whose versions of the facts the Court ultimately believes.

Specifically, Defendant objects to providing documentary information regarding all of its records relative to the Bill Gothard seminars. Defendant also objects to two interrogatory questions, one seeking an explanation for selecting the Bill Gothard seminars for mandatory attendance by management employees (Interrogatory No. 2) and one seeking the names, addresses and social security numbers of all employees who refused to attend the seminars from 1993 to the present (Interrogatory No. 7).[2]

In essence, Defendant objects to the discovery sought by the EEOC on grounds that it is abusive, oppressive and calculated to intimidate and/or harass. Moreover, Defendant asserts that the subject matter of the

1. In a separate matter, Defendant has sought to amend its answer, adding as affirmative defenses certain references to the First Amendment to the United States Constitution as well as Articles 2 and 18 of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts. By a separate Memorandum and Order this date, the Court has allowed Defendant's motion to amend.

2. At the time of making its motion, the EEOC had also been informed by Defendant's counsel that Defendant would object to deposition ques-

**346**

Bill Gothard seminars was raised in *Kolodziej v. Smith*, 412 Mass. 215, 588 N.E.2d 634 (1992), in which the same Defendant here— who had been accused in *Kolodziej* of interfering with the plaintiff's federal and state constitutional rights to believe and profess the religious doctrine of her choice—prevailed. The Massachusetts Supreme Judicial Court held that the state's civil rights statutes were not violated when Defendant required an employee to attend the same seminars in question here. The Supreme Judicial Court held, with reference to the evidence submitted in the case, that the trial judge was warranted in directing a verdict for Defendant. Defendant also asserts in the present matter that the EEOC is aware that Showe was not applying for a management position, that he never suggested that the seminar was what prompted him to refuse to sign the acknowledgement form, and that the matters sought in discovery are irrelevant.

## DISCUSSION

■ As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D.Mass.1984). "[R]elevant information includes any matter that is or may become an issue in the litigation." *Multi–Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 264 n. 2 (D.Mass.1991). See also *Chubb Integrated Systems Limited v. National Bank of Washington*, 103 F.R.D. 52, 59 (D.D.C.1984) ("The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment.")

■ Despite its description of the discovery requests as abusive and oppressive, Defendant appears to base its objection solely upon *Kolodziej*. As Defendant asserted in its objection to the production request, "[a]ny attempt to retry the Kolodziej case, in whole or in part, in connection with this action is improper and constitutes an abuse of process

by the Equal Employment Opportunity Commission."

*Kolodziej*, however, is not controlling—particularly given the fact that the instant matter is now at the discovery stage only. First, as described, the Supreme Judicial Court was simply addressing whether or not the directed verdict by the judge was appropriate given the facts before the trial court. Thus, the question before the Supreme Judicial Court was whether or not evidence produced in *that* case demonstrated that the Defendant interfered with the plaintiff's federal or state constitutional right to believe and profess the religious doctrine of her choice. Holding that the evidence was sufficient to warrant a directed verdict for Defendant, the Supreme Judicial Court nonetheless went on to indicate that "[w]e have no doubt that an employer's requirement of an employee's attendance at devotional services at which prayer is offered would constitute unlawful compulsion to participate in religious activity." *Kolodziej*, 588 N.E.2d at 638. See also *Attorney General v. Desilets*, 418 Mass. 316, 636 N.E.2d 233, 242 n. 14 (1994) (*Kolodziej* dealt with the belief aspects of Article 2 of the Declaration of Rights, not its worshipping aspects). The facts, if not the presentation, in the instant matter might well prove different at trial than those in *Kolodziej*.

Second, the plaintiff in *Kolodziej* produced no evidence that attending the seminar inhibited her in the exercise of her religion or that Defendant fired her because of her religion in violation of Mass.Gen.L. ch. 151B, § 4(1A). *Kolodziej*, 588 N.E.2d at 638. Again, the facts may prove different here. Third, and most importantly, *Kolodziej* did not address the plaintiff's potential Title VII claim, the very claim raised by the EEOC here. Indeed, the Supreme Judicial Court specifically permitted the plaintiff in *Kolodziej* to amend her complaint to include a claim under Title VII.

Requiring Showe to sign the statement has placed the question of the Bill Gothard seminars in issue in the present matter. In-

tions to be posed to Warren Smith, the Defendant's president, on the same issues raised in the interrogatories and production request. At oral

argument, the parties informed the Court that such objections were in fact interposed at Mr. Smith's deposition. See footnote 3, *infra*.

deed, Defendant itself has interposed its own religious freedoms as affirmative defenses. See footnote 1, *supra*. Accordingly, Defendant cannot claim that the information on this topic is either improper or irrelevant, or constitutes an abuse of process at this time. Moreover, while Defendant argues its constitutional position with some force, that argument is addressed more to the ultimate merits of its defense, if at all, than to the pending question of discovery. At this stage at least, the information sought could not possibly interfere with anyone's free exercise of religion, the affirmative defense now propounded by Defendant, let alone the free exercise of religion by a for-profit corporation. See *In re The Bible Speaks*, 69 B.R. 643 (Bankr.D.Mass.1987) (debtor, a religious organization, had no First Amendment privilege, in context of discovery, based upon religious freedoms); *Donovan v. Central Baptist Church, Victoria*, 96 F.R.D. 4 (S.D.Tex.1982) (church required to answer interrogatories designed to elicit who in fact worked at its day-care center, how they were paid, and the job requirements). See also *Pacific Union Conference of Seventh–Day Adventists v. Marshall*, 434 U.S. 1305, 1309, 98 S.Ct. 2, 4, 54 L.Ed.2d 17 (1977), in which Justice Rehnquist, as Circuit Justice, indicated when refusing to stay discovery directed at a religious organization, that the review of constitutional claims should come, if at all, "only after a full record is compiled in the course of the present litigation in the District Court." Further, unlike *Surinach v. Pesquera De Busquets*, 604 F.2d 73 (1st Cir.1979), in which the First Circuit held that the Commonwealth of Puerto Rico's subpoenaing of documents of the Roman Catholic Church violated the religion clauses of the First Amendment, the information sought in this case is relevant and concerns the enforcement of Title VII, an act of Congress designed to serve society in a non-discriminatory manner.

▪ In sum, in the context of Rule 26, the potential inadmissibility at trial of the information sought is not grounds for objection if the information "appears reasonably calculat-ed to lead to the discovery of admissible evidence." Here the information sought is not privileged and is relevant to the subject matter of the pending action. If anything, the Court's allowance of Defendant's motion to amend its answer, in which it interposes the defense of religious rights, makes the EEOC's discovery inquiries even more relevant and potentially expansive in scope. Finally, Defendant has not indicated, in any substantive way, how the discovery requests would cause annoyance, embarrassment, oppression, or undue burden or expense. Accordingly, the motion to compel is ALLOWED.[3]

IT IS SO ORDERED.

---

**3.** The Court's allowance of the EEOC's motion should guide the parties with respect to the deposition of Mr. Warren Smith. See footnote 2, *supra*.