359 F.Supp.2d 459 (2005)
INSULATE AMERICA, Plaintiff,
v.
MASCO CORPORATION; Masco Contractors Services Group Corp.; Service Partners LLC; Masco Contractor Services LLC; Masco Contractor Services Central, Inc.; and Masco Contractor Services East, Inc., Defendants.
No. 1:04MC32-T.
United States District Court, W.D. North Carolina, Asheville Division.
January 13, 2005.
Eric D. Welsh, Aretha V. Blake, Parker, Poe, Adams & Bernstein, Charlotte, NC, for Plaintiff.
Richard A. Ripley, Margaret M. Zwisler, Christina G. Sarchio, Melissa A. Gittings, Howrey Simon Arnold & White, LLP, Washington, DC, L. D. Simmons, Mark W. Kinghorn, Helms, Mulliss & Wicker, PLLC, Charlotte, NC, for Defendants.

*460 ORDER
HOWELL, United States Magistrate Judge.
THIS MATTER is before the court on movant Insulate America's Motion to Quash Subpoena and for Protective Order and Amended Motion to Quash Subpoena and for Protective Order. It appearing that the issues have been fully briefed, the court enters the following findings, conclusions, and Order.

FINDINGS AND CONCLUSIONS
I. Procedural History
Insulate filed a Memorandum in Support of that motion. After such motion was filed, Masco caused to be issued a new subpoena and thereafter properly served Insulate. After being served with the second subpoena, Insulate filed its Amended Motion to Quash Subpoenas and for Protective Order.
After serving the amended subpoena, Masco filed a response to Insulate's original motion, to which Insulate filed a reply. Thereafter, Masco filed its Opposition to Plaintiff's [Second] Motion to Quash Subpoena and for Protective Order. Finally, Insulate filed a reply to Masco's opposition.
II. The Underlying Action in the Northern District of Georgia
In Wilson Insulation of Augusta, Inc. v. Masco Corp., 1:03cv580 (N.D.Ga.), plaintiffs therein have alleged in Count One that Masco, acting as a coordinator or manufacturers, has entered into horizontal agreements with manufacturers of residential insulation to sell materials to independent contractors at prices higher than they sell them to Masco, all on the condition that other manufacturers would do the same. Wilson, Second Amended Complaint, at ¶ 49. Wilson contends that such alleged coordination on the part of Masco has
resulted in harm to price competition among manufacturers and higher prices and lower service in the installation of insulation in the Atlanta and Augusta [Georgia] markets, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.
Id. In Count Two, Wilson has alleged that Masco has entered into vertical agreements with insulation manufacturers that have purportedly caused harm to competition in the Atlanta and Augusta markets in violation of the Sherman Act. Id., at ¶¶ 51-53. In Counts Three through Nine, Wilson has alleged Monopolization, Attempted Monopolization, Conspiracy to Monopolize, Conspiracy in Restraint of Trade, Price Discrimination, and Merger in the Atlanta and Augusta markets, all in violation of the Sherman and Clayton Acts. Id., at ¶¶ 54-76. In Count Ten, Wilson seeks a permanent injunction under the Clayton Act and in Count Eleven Wilson has asserted a state-law claim for tortious interference with contractual and business relations and opportunities. Id., at ¶¶ 77-83.
III. Discussion
In the context of subpoenas issued to non-parties and the entry of protective orders, the Court of Appeals for the Fourth Circuit has held, as follows:
We begin by setting forth the pertinent legal standards under which the protective order should be reviewed. First, the district court is subject to the broad admonitions of Fed.R.Civ.P. 26(b) in fashioning discovery orders. All non-privileged information that is either admissible at trial or that "appears reasonably calculated to lead to the discovery of admissible evidence" should be discoverable. Fed.R.Civ.P. 26(b)(1). However, protection may be granted to any person from whom discovery is sought *461 to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).
Watson v. Lowcountry Red Cross, 974 F.2d 482, 485 (4th Cir.1992).
The court will not restate the respective arguments of counsel, but will instead focus on the central issue, which is the scope of permissible discovery. In its Reply, Insulate argues that the Masco defendants "disingenuously assert that the Georgia action has expanded to involve markets other than Atlanta and Augusta, Georgia and that it involves both residential and commercial insulation." Insulate's Reply, at 1-2. While this court cannot speculate as to Masco's motivation, it is clear that Masco has attempted to rely on the allegations contained in Columbus Drywall & Insulation, Inc. v. Masco Corp., 1:04cv3066 (N.D.Ga.)  which appears to be a class action suit involving residential and commercial insulation that goes beyond the Augusta and Atlanta markets  to justify the breadth of its discovery requests in this matter. Masco has not provided this court with any citation of authority for the proposition that a subpoena issued in one case can be the vehicle for compelling discovery which is only made relevant by allegations in an unrelated case.
In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied.
Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, fn. 17, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). While discovery in anti-trust litigation is not limited to the four corners of the complaint, Maritime Cinema Service Corp. v. Movies En Route, Inc., 60 F.R.D. 587, 589 (S.D.N.Y.1973), the discovery sought must have some nexus to the litigation at hand as provided in Oppenheimer.
As discussed above, the Second Amended Complaint in Wilson is plainly limited to anti-trust activities in residential insulation in the Atlanta and Augusta markets. As introductory allegations in the Second Amended Complaint make clear, there is a significant difference in residential and commercial insulation, which apparently includes a distinction between residential insulation companies and commercial insulation companies. The undersigned can find no assertion by Wilson, as Masco suggests in its arguments, that such action involves commercial insulation.
As the Rules provide, all non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence" should be discoverable. Fed.R.Civ.P. 26. In this matter, the bounds of discovery are limited by the issues joined in Wilson, not in Columbus Drywall. Thus, any non-privileged information that Insulate may have that could reasonably lead to discovery of admissible evidence in Wilson is fair game.
Insulate's president, David Beam, has averred that only one of its members conducts any business in a small portion of the Atlanta insulation market, and that such member is limited to commercial insulation, and that none of its members conduct business in the Augusta market. Affidavit of David Beam, at ¶ 12. Further, Insulate has averred that it is not a buying group, does not participate in the negotiations of its members' purchase prices, and does not participate in the purchase of insulation materials from manufacturers. Supplemental Affidavit of David Beam, at ¶ 3. Insulate has stated that it does not possess any information regarding insulation pricing. Id.; Affidavit of Beam, at ¶ 12. Masco has provided no reason why *462 this court should in any way not fully credit the affidavits of David Beam. While Masco may well argue that it should be allowed to review the documents for itself to determine whether any of the information could be responsive, that would be by definition a fishing expedition inasmuch as Masco's subpoenas, as written, exceed the bounds of Oppenheimer in that they seek information which is not pertinent to Wilson, but which rely on the allegations in Columbus Drywall. The only logical conclusion is that Masco desires production of such documents for use in Columbus Drywall.
IV. Conclusion
Based on the forgoing, the subpoenas will be modified to require Insulate to produce all documents and information it may have concerning residential insulation sales or pricing in the Augusta and Atlanta, Georgia markets commencing on January 1, 2001. Further, Insulate shall disclose to counsel for Masco the names and business addresses of any of its residential insulation members serving the Augusta and Atlanta markets, all subject to the Protective Order previously entered in Wilson. Insulate is granted leave to designate any such production as "highly confidential," for the eyes only of Masco's outside counsel. If it has no responsive information, Insulate may so inform Masco through an appropriate affidavit.

ORDER
IT IS, THEREFORE, ORDERED that movant Insulate America's Motion to Quash Subpoena and for Protective Order and Amended Motion to Quash Subpoena and for Protective Order are GRANTED in part and DENIED in part, the subpoenas are MODIFIED as provided in Section IV, and a PROTECTIVE ORDER is entered providing that Insulate shall respond to such modified subpoenas as instructed herein within 30 days of filing of this Order.